**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1964 MG, SERIAL NO. 64GHN3L34408, WASHINGTON LICENSE NO. DFY 260, its Tools and Accessories, and $17,883.00 in United States and Canadian Dollars, Defendants,**

**Michael Leon Bronk and Charles L. Goldberg, Claimants.**

**No. C75–686S.**

United States District Court,
W. D. Washington.

March 5, 1976.

Stan Pitkin, U. S. Atty., Douglas F. Graham, Asst. U. S. Atty., Seattle, Wash., for plaintiff.

Charles L. Goldberg, Goldberg & Link, San Diego, for defendants and claimants.

## OPINION AND ORDER

MORELL E. SHARP, District Judge.

In this civil action, the United States seeks relief by way of forfeiture against a 1964 MG automobile and the sum of $17,883 in United States and Canadian currency under authority of 19 U.S.C.A. § 1595a and 31 U.S.C.A. § 1102. The claimants of the currency, Michael L. Bronk and Charles Goldberg, Bronk's attorney, raise affirmative defenses challenging the constitutionality of these statutes on their face and as applied in this case. By counterclaim, they seek return of the currency and damages. The owner of the 1964 MG has not appeared. The claimants of the currency and the Government now move for summary judgment.

Because the issues raised in the answer and claimants' motion for summary judgment primarily concern the lapse of time between seizure and filing of this action, it is appropriate to establish a chronology of events which will also embrace the essential facts of this case.

Michael Leon Bronk and Daniel Joseph Vallelunga arrived at the Blaine, Washington port of entry from Canada in a 1964 MG registered in Vallelunga's name at 6:10 p. m. on January 23, 1975. They appeared to be nervous and they were sent to a secondary inspection area. According to Customs reports, both men were asked if either possessed monetary instruments in excess of $5,000 and each answered negatively. The vehicle was searched and an envelope containing $16,800 was found in the back of a radio speaker. They were advised of their constitutional rights at 6:30 p. m. Vallelunga claimed the money belonged to Bronk, that he had not seen it until that morning when Bronk asked if there was a safe place in his car in which to hide it. Bronk confirmed that. The money

found in the automobile and approximately $1,000 found on the person of each of the two men was seized, and Bronk and Vallelunga were arrested and charged in a complaint with failing to report importation of currency in excess of $5,000 as required by 31 U.S.C.A. § 1101, a violation of 31 U.S.C.A. § 1058. Vallelunga later claimed that the money in his possession, $1,002, was given to him by Bronk.

On January 30, 1975, the matter was reported to the United States Attorney in Seattle for criminal prosecution.

Bronk assigned his interest in $7,500 of the money seized in the automobile to his attorney, Charles Goldberg, on February 6, 1975.

Notices of the right to petition for return of the currency were sent to attorneys for Bronk and Vallelunga on February 26, 1975, and the petitions were filed on March 31, 1975 and March 5, 1975, respectively. The Customs Service then began an investigation which would lead to an administrative decision on the petitions.

Bronk pled guilty to a misdemeanor violation of 31 U.S.C.A. § 1101(a)(1) and was sentenced in the United States District Court for the Southern District of California to time served. Charges against Vallelunga were dismissed on May 6, 1975 because of his sentence to a one-year term of imprisonment by the Superior Court for Clark County, Washington for possession of a controlled substance.

Customs completed its investigation and referred the matter to the United States Attorney on July 25, 1975. After further review by the United States Attorney, the complaint in this case was filed on September 24, 1975.

Briefly stated, Bronk and Goldberg have four arguments against allowing forfeiture in this case: (1) That the Government did not immediately inquire into the facts of the case and did not forthwith institute court proceedings as required by 19 U.S.C.A. § 1602 *et seq.*, (2) that application of those statutes

amounts to a denial of Fifth Amendment due process because of the delay between the seizure and filing of the complaint, (3) that 19 U.S.C.A. § 1602 *et seq.* violates Fifth Amendment due process on its face, and (4) that the delay in filing this suit amounts to laches against the Government.

 The Court agrees with the Government that 19 U.S.C.A. § 1602 *et seq.* is inapplicable here because monetary instruments were seized under authority of 31 U.S.C.A. § 1102. In addition, these claimants have no standing upon which to object to forfeiture of the MG which was seized pursuant to § 1602 *et seq.* However, the Court believes that the claimants' contentions raised with respect to 19 U.S.C.A. § 1602 *et seq.* are generally applicable to 31 U.S.C.A. § 1102.

Initially, the Court notes that claimants, in their answer to the complaint and in a later affidavit of Charles Goldberg, deny that Bronk transported unreported currency. This was alleged in paragraph III of the complaint and, of course, is the gravamen of this civil action.

 Bronk pled guilty to a charge of transporting unreported monetary instruments and that forecloses him from denying those same facts now. Claimant Goldberg was not in actual or constructive possession of the currency at the time it was seized. His interest flows from a later assignment made by Bronk. He, then, is also foreclosed from denying the facts stated in paragraph III of the complaint.

 There is nothing in § 1102 or the regulation promulgated thereunder at 31 C.F.R. 103.48 which suggests time limits or guidelines to be followed. But reasonable time limits must be read into the statute to save it from constitutional infirmity. This is the teaching of *United States v. Thirty-Seven Photographs,* 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). While that case concerned the forfeiture of obscene photographs under 19 U.S.C.A. § 1305(a) and involved First Amendment claims, there can be no doubt that the Court will disfavor a forfeiture statute that permits undue delay between seizure and judicial determination of forfeiture. *See e. g.* the Court's comments with respect to 19 U.S.C.A. § 1602 *et seq.* at 402 U.S. 368 n. 2, 91 S.Ct. 1400.

In *Thirty-Seven Photographs,* the Court read into the statute a requirement that forfeiture proceedings be instituted within fourteen (14) days of seizure and that the district court take no more than sixty (60) days from filing of the action to final disposition. *Id.* at 373–4, 91 S.Ct. 1400, 1407. However, the Court was careful to note that "constitutionally permissible limits may vary in different contexts . . ." *Id.* at 374, 91 S.Ct. at 1407. It is this caveat which must be considered when reading § 1102.

Unlike 19 U.S.C.A. § 1305, § 1102 provides for an administrative determination on a claimant's petition for remission. This distinction was intended, for § 1305 deals with materials which might properly be subject to First Amendment protection. The Supreme Court examined the congressional debates over § 1305 in *Thirty-Seven Photographs* and found that there was a genuine concern for a judicial determination of obscenity in the first instance. This being so, it would be unrealistic to use the same time limits imposed in *Thirty-Seven Photographs* in a proceeding brought under either § 1602 or § 1102 because both of those statutes permit an administrative determination on the question of remission. But on this point, claimants argue that the Government should immediately move to obtain a judicial determination regardless of whether a claimant seeks remission. In support of this, claimants rely upon *United States v. One 1971 Opel GT,* 360 F.Supp. 638, 641–2 (C.D. Cal.1973), and *United States v. A Quantity of Gold Jewelry,* 379 F.Supp. 283 (C.D.Cal.1974). In those cases, the courts noted that a claimant should not be disadvantaged by seeking an administrative decision on remission. Presumably, a claimant would be better off were

the Government to file a civil action seeking forfeiture during the time an administrative claim is being pressed. Realistically, one wonders if anyone is better off when engaged in battles involving the same matters on two fronts instead of one at a time.

■ The Court believes the better procedure is that followed by the Government in this case—completion of the administrative claim followed by filing a civil action if there is no remission. *See Ivers v. United States* (N.D.Cal. 1975) 413 F.Supp. 394 at pp. 399–400.

■ This does not mean that the remission decision can be made at any pace. The time involved in this case, both for administrative processing of the remission petitions and for Government investigation prior to filing the civil action, seems to be a reasonable maximum period with respect to actions brought under § 1102. It is a longer period of time than that countenanced in *Thirty-Seven Photographs*. But, as previously noted, § 1102 involves an administrative proceeding absent in *Thirty-Seven Photographs*. And while this case does involve a Fifth Amendment due process claim, the process that is due does not have to be so rapid as when the urgency of a First Amendment claim is presented. *See States Marine Lines, Inc. v. Shultz*, 498 F.2d 1146, 1155 (4th Cir. 1974). Finally, currency is involved here and not a depreciable tangible. Any value lost by the claimants can be compensated for by the addition of interest if forfeiture is not allowed.

■ Claimants finally argue that only currency in excess of the amount required to be reported under 31 U.S.C.A. § 1101—$5,000—can be forfeited. Support for this is found in the amended judgment in *Ivers v. United States, supra*. The Court believes that a reading of 31 U.S.C.A. § 1102(a) supports this result. That section states in its entirety:

"Any monetary instruments which are in the process of any transportation with respect to which any report required to be filed under section 1101(a) of this title either has not been filed or contains material omissions or misstatements are subject to seizure and forfeiture to the United States."

If Congress desired to subject to forfeiture the initial $5,000 for which no report need be filed, it could have said so in plain language.

Therefore, the claimants' motion for summary judgment is DENIED and that of the Government is GRANTED to the extent indicated in this Memorandum.

IT IS SO ORDERED.