584 F.2d 889
 UNITED STATES of America, Plaintiff-Appellant,
v.
ONE 1964 MG, SERIAL NO. 64GHN3L34408 WASHINGTON LICENSE NO.
DFY 260, Its Tools and Accessories, and $17,883.00
in United States and Canadian Dollars,
Defendant-Appellee.
 No. 76-2057.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 18, 1978.
 
 Charles Pinnell, Asst. U.S. Atty. (argued), Seattle, Wash., for plaintiff-appellant.
 Gershon D. Greenblatt (argued), San Diego, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before BROWNING and TANG, Circuit Judges, and TAYLOR*, District Judge.
 TANG, Circuit Judge.
 
 
 1
 This is an appeal from a forfeiture action brought under 19 U.S.C. § 1595a and 31 U.S.C. § 1102 against an automobile and $17,883.00 in currency. The district court granted the forfeiture except as to $5,000.00, which was held to be exempt under 31 U.S.C. §§ 1101 and 1102. The district court's opinion is published at 408 F.Supp. 1025 (W.D.Wash.1976). The United States brings this appeal. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 Claimant Michael Bronk and David Vallenga attempted to enter the United States from Canada on January 23, 1975 at the Peace Arch Point of Entry, Blaine, Washington. After both men denied having more than $5,000.00 with them, $16,800.00 in currency was found concealed in the car's radio speaker. The car, the currency and additional money found on the persons of Bronk and Vallenga were seized, and the men charged with violation of 31 U.S.C. §§ 1101 and 1058. Bronk pleaded guilty and was sentenced to time served. Charges against Vallenga were dismissed.
 
 
 3
 The United States filed the instant forfeiture action on September 24, 1975. Bronk and his attorney[1] counterclaimed for return of the car and money. The district court granted summary judgment in favor of the United States, except for the first $5,000.00 which was held to be exempt from forfeiture under 31 U.S.C. §§ 1101 and 1102.
 
 
 4
 The primary issue presented by this appeal is whether the district court was correct in finding the statutes gave a $5,000.00 exemption. Before discussing this issue however, it is necessary to dispose of the motion of the United States to strike portions of the claimants' brief.
 
 
 5
 In addition to arguing the $5,000.00 exemption, the claimants attempt to argue that the forfeiture statutes are unconstitutional both on their face and as applied here, and that the delay in bringing the forfeiture action requires the court to dismiss it. These matters were raised below, but the claimants did not file a cross-appeal. The United States argues that the failure to cross-appeal deprives this court of jurisdiction to decide anything but the $5,000.00 exemption, and therefore all other parts of the claimants' brief should be struck.
 
 
 6
 The general rule as to what may be asserted without a cross-appeal is stated in United States v. American Ry. Express Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087 (1924) where the Court said:
 
 
 7
 It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.
 
 
 8
 265 U.S. at 435, 44 S.Ct. at 564. This rule was recently quoted with approval in Mass. Mutual Life Ins. Co. v. Ludwig, 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976).
 
 
 9
 If the claimants should prevail on any of their additional arguments, the entire judgment would have to be reversed, not merely the portion dealing with the $5,000.00. This would enlarge the claimants' rights and lessen those of the United States in a manner contrary to the rule stated above. Therefore the motion of the United States to strike is granted.
 
 Section 1102(a) provides that:
 
 10
 (a) Any monetary instruments which are in the process of any transportation with respect to which any report required to be filed under § 1101(a) of this title either has not been filed or contains material omissions or misstatements are subject to seizure and forfeiture to the United States.
 
 
 11
 Section 1101(a), in pertinent part, provides that:
 
 
 12
 . . . whoever . . . knowingly
 
 
 13
 (1) transports or causes to be transported monetary instruments
 
 
 14
 (B) to any place within the United States from or through any place outside the United States,in an amount exceeding $5,000.00 on any one occasion shall file a report or reports in accordance with subsection (b) of this section.
 
 
 15
 It is the position of the district court in this case that since no report is required when $5,000.00 or less is transported, the first $5,000.00 is exempt from forfeiture under these statutes. The United States argues that the $5,000.00 amount merely triggers the reporting requirement and once triggered all amounts transported are required to be reported. Since the entire amount should have been reported and was not, the entire amount should be forfeited.
 
 
 16
 This circuit has recently sustained the position argued by the government in the case of Ivers v. United States, 581 F.2d 1362 (9th Cir. 1978). Based on that authority, the decision of the district court is
 
 
 17
 REVERSED.
 
 
 
 *
 Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation
 
 
 [1]
 Bronk's attorney is a claimant by virtue of an assignment to him by Bronk of Bronk's right and interest in $7,500.00 of the currency seized