## MASSACHUSETTS MUTUAL LIFE INSURANCE CO. *v.* LUDWIG, ADMINISTRATOR

No. 75-1504.  Decided June 14, 1976

PER CURIAM.

This is a diversity case.  Petitioner (the insurer) issued a life insurance policy in Michigan to Dean E. Cane providing for double indemnity if Cane's "death was the result of an injury sustained while the insured was a passenger in or upon a public conveyance then being operated by a common carrier to transport passengers for hire . . . ."  Cane was killed in Illinois by a freight train while crossing a railroad track in order to board a commuter train which had not yet arrived at the station.  The insurer paid Cane's estate ordinary benefits, but denied liability under the double indemnity provision of the policy.

The administrator of Cane's estate (respondent) sued the insurer in the District Court for the Northern District of Illinois to recover benefits under the double indemnity provision. The District Court held that under Illinois conflict-of-laws rules, the law of the situs of the contract (Michigan) applied, and that under Michigan law the insurer was liable only for ordinary benefits. The administrator appealed. The insurer argued in the Court of Appeals for the Seventh Circuit that the District Court's application and interpretation of Michigan law was correct, and alternatively that Illinois conflict-of-laws rules required application of Illinois—not Michigan—substantive law in this case, and that under Illinois substantive law its liability was also only for ordinary benefits. The Court of Appeals reversed, 524 F. 2d 376 (1975), but without reaching the question of which State's substantive law would be applicable under the Illinois conflicts rule. The court held that the insurer was precluded from arguing on appeal the applicability of Illinois substantive law, because it had not cross-appealed from the District Court's ruling that Michigan law applied. *Id.*, at 379 n. 1.

The Court of Appeals' decision on this issue is plainly at odds with the "inveterate and certain" rule, *Morley Co.* v. *Maryland Cas. Co.*, 300 U. S. 185, 191 (1937), of *United States* v. *American Ry. Exp. Co.*, 265 U. S. 425, 435 (1924), where a unanimous Court said:

"It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the

decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." (Footnote omitted.)

The argument of the insurer before the Court of Appeals that Illinois, not Michigan, substantive law applied was no more than "an attack upon the reasoning of the lower court," and as such required no cross-appeal.

Because the Court of Appeals did "not reach the issue nor express any opinion on the effect of the tort claim conflicts of law doctrine" of Illinois, 524 F. 2d, at 379 n. 1, we think it "appropriate to remand the case rather than deal with the merits of that question in this Court." *Dandridge* v. *Williams,* 397 U. S. 471, 476 n. 6 (1970). Accordingly, the petition for writ of certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings in conformity with this opinion.

*So ordered.*

MR. JUSTICE STEVENS took no part in the consideration or decision of this case.