**Dorothy AYLESWORTH,**
**Plaintiff-Appellee,**

v.

**MUTUAL OF OMAHA, (77–1400)**
**Defendant-Appellant.**

**Dorothy AYLESWORTH,**
**Plaintiff-Appellee,**

v.

**TRAVELERS INSURANCE COMPANY,**
**(77–1433) Defendant-Appellant.**

**Nos. 77–1400, 77–1433.**

United States Court of Appeals,
Sixth Circuit.

Argued April 18, 1979.

Decided May 22, 1979.

Rehearing Denied in No. 77–1400,
June 11, 1979.

Arthur M. Hoffeins, Detroit, Mich., for Mutual of Omaha.

Robert C. Zack, Lippitt, Harrison, Perlove, Friedman & Zack, Southfield, Mich., for Aylesworth.

John D. Reseigh, Barry M. Kelman, Southfield, Mich., for Travelers Ins. Co.

Before ENGEL and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The defendant insurance companies appeal the orders of District Judges Pratt and

Joiner granting summary judgment to the plaintiff in two diversity suits to collect benefits under a policy of accident insurance issued by each of the insurance companies. The insurance contracts, which were entered into in Michigan, provide for benefits if the insured were accidentally killed or injured "while riding . . . as a passenger in or on, or entering [in one of the contracts the word here is "boarding" instead of "entering"] or alighting from a public conveyance . . . provided by a common carrier for passenger service . . .."

The deceased, plaintiff's husband, was killed when he fell from a Toronto subway platform onto the tracks and was struck by an oncoming train. He had purchased a ticket to ride the subway and was waiting for his train when he leaned over the edge of the platform, presumably to ascertain whether a train was approaching, and fell onto the tracks.

Plaintiff demanded double indemnity in the amount of $50,000 on one of the policies and $200,000 for the accident on the other, and the companies refused payment. Plaintiff then brought these two suits. After discovery, plaintiff moved for summary judgments contending that the facts are undisputed and clearly establish the liability of the insurers under the policies.

Michigan courts have given broad definition to the term "passenger" as found in similar insurance policies in similar situations where the injured "passenger" no longer had physical contact with, or was waiting for, the conveyance. *See Nickerson v. Citizens' Mutual Insurance Co.,* 393 Mich. 324, 224 N.W.2d 896 (1975); *Quinn v. New York Life Insurance Co.,* 224 Mich. 641, 195 N.W. 427 (1923). *See also Ludwig v. Massachusetts Mutual Life Ins. Co.,* 524 F.2d 376 (7th Cir. 1975) (interpreting Michigan law), *rev'd on other grounds,* 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976). Our reading of these cases convinces us that Michigan courts would hold that the words "boarding" or "entering a public conveyance" used in these insurance contracts, include a passenger who has purchased his ticket and is waiting momentarily on the platform to board a subway. This conclusion is reinforced by the decision below of Judges Pratt and Joiner, two able and experienced Michigan District Judges familiar with the law of the state.

Accordingly, we hereby affirm the judgments of the District Courts.