924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Masjid MUHAMMAD, Samuel L. Surles, Derrick Draw, also known
as Masjid Abdullah Hassan, Plaintiffs-Appellants,
Northside Complex, Halim Nadir Sekoumuga, Plaintiffs,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant-Appellee,
Perry M. Johnson, W.L. Carson, Richard W. Payne, Lieutenant,
Defendants.
 No. 90-1304.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellants move for in forma pauperis status on appeal from the district court's order granting in part and denying in part the defendant's motion to modify a stipulated agreement entered into by the parties in 1980.
 
 
 3
 Appellants, a group of prisoners at the State Prison of Southern Michigan (SPSM), originally sued the Michigan Department of Corrections (MDOC) under 42 U.S.C. Sec. 1983, alleging religious interference which prohibited an organization described as the Muslim Brotherhood from holding religious services. After numerous negotiations, the parties were able to agree upon a stipulated agreement to dismiss appellants' complaint. The agreement required MDOC to provide Muslim inmates with equal facilities and representation for the promotion and worship of the Islamic faith like those of other recognized religions. In addition, the agreement required MDOC to develop a departmental policy regarding Islamic dietary law, Islamic clothing, and Islamic prohibitions against displaying the male form unclothed or unduly suggestive before any female other than a man's wife.
 
 
 4
 After entry of the settlement agreement and dismissal of the action, appellants filed a second complaint alleging that defendant was in violation of the stipulated agreement. A motion to dismiss filed by defendant on January 6, 1982, was denied.
 
 
 5
 Sometime thereafter, the defendant filed a motion to terminate jurisdiction or, in the alternative, to modify the stipulated agreement. The basis for the motion was that the stipulated agreement should be modified to conform with PD 64.01 (a prison policy directive pertaining to the religious beliefs and practices of prisoners). The matter was referred to a magistrate who recommended that the motion be granted in part and denied in part. The magistrate found that a change in circumstances had been established which permitted modification of the agreement. Despite timely objections filed by both parties, the district court agreed and ordered modification of the agreement in accordance with the magistrate's recommendation. This appeal followed.
 
 
 6
 Upon consideration, we find that the district court did not abuse its discretion in modifying the stipulated agreement entered into by the parties. See Shimkus v. Gersten Companies, 816 F.2d 1318, 1320 (9th Cir.1987). The use of religious affiliation by groups purporting to be Muslims to thwart lawful control of the prison was sufficiently significant in itself to meet the predicate for modification. See Heath v. DeCourcy, 888 F.2d 1105, 1109-10 (6th Cir.1989) (to modify a consent decree which regulates institutional conduct, "the court need only identify a deficit or deficiency in its original decree which impedes achieving its goal ..."). Such groups were seen as potentially disruptive to the security and order in the prison. This change in circumstance justified the modification made by the district court.
 
 
 7
 In its brief, the defendant argues that the district court erred when it refused to eliminate the requirement of reasonable accommodation to Muslim dietary practices during Ramadan. However, the defendant did not file a notice of appeal from the district court's order. A party who does not appeal from a final judgment cannot attempt to have any part of that judgment reversed or modified. Massachusetts Mutual Life Ins. Co. v. Ludwig, 426 U.S. 479, 480-81 (1976) (per curiam). Therefore, the defendant's argument is waived.
 
 
 8
 Finally, plaintiff's counsel requests attorney fees. The appropriate procedure would be for counsel to make a formal motion in the district court.
 
 
 9
 Accordingly, the motion to proceed in forma pauperis is granted and the district court's order is hereby affirmed for the reasons stated in the magistrate's report and recommendation dated January 2, 1990, as adopted by the district court. Rule 9(b)(5), Rules of the Sixth Circuit.