41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FLEET REAL ESTATE FUNDING CORP., Plaintiff-Appellee,
v.
Michela STEVENS, Defendant-Appellant.
 No. 92-3926.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Nov. 15, 1994.
Rehearing Denied Dec. 8, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The district court entered, vacated, reconsidered, postponed decision on, and reentered a default judgment in this mortgage foreclosure action under the diversity jurisdiction. The stated ground of the default judgment--that defendant Michela Stevens had not answered the complaint--is open to question. True, Stevens did not file a document styled an "answer" containing paragraph-by-paragraph admissions and denials. But Stevens, proceeding pro se, did file a paper captioned "Reply to Complaint" that served a similar function, revealing that she opposes the claim for relief and believes that she has defenses.
 
 
 2
 We may assume, therefore, that the district judge should have given Stevens the benefit of the doubt and permitted the case to proceed. This does not help Stevens if the district court would have been obliged to grant judgment to plaintiff on the pleadings anyway--and it would have been. Plaintiff alleges a mortgage loan and non-payment. Stevens concedes the loan and does not contend that she paid the debt. Thus plaintiff is entitled to judgment unless the defenses present some material dispute requiring resolution. They do not. One defense is bankruptcy, but Stevens's two petitions have been dismissed, and the debt remains. A mortgage debt secured by a principal residence is not affected by bankruptcy. Nobelman v. American Savings Bank, 113 S.Ct. 2106 (1993). Another defense is that she has been divorced from her husband. Because she is a co-signer of the note, the divorce is not pertinent. A third defense is that the state homestead exemption--enjoyed directly or derivatively because she has transferred possession of the premises to her son--prevents foreclosure. Yet the note and mortgage she signed contain waivers of the homestead exemptions, and Stevens does not attack the validity of these waivers.
 
 
 3
 A prevailing litigant is entitled to defend its judgment on grounds other than those the district court gave. Massachusetts Mutual Life Insurance Co. v. Ludwig, 426 U.S. 479 (1976); Jordan v. Duff & Phelps, Inc., 815 F.2d 429, 439 (7th Cir.1987). Because the matters Stevens urges in defense are legally irrelevant, and because she does not deny the debt and non-payment, the plaintiff is entitled to prevail. The only other contention Stevens presents on appeal, that the district court should have changed "venue," is unavailing. Northern Illinois is the proper venue. Stevens cites a state statute permitting a litigant to obtain a substitution of judge, 735 ILCS 5/2-1001, but state procedural rules do not apply in federal court, and the Rules of Civil Procedure lack any provision comparable to Sec. 5/2-1001. The judgment of the district court is therefore
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record