142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sandy Paul BRUCE, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 97-3355.
 United States Court of Appeals,
Seventh Circuit.
 May 5, 1998.
 
 1
 Before FAIRCHILD, EASTERBROOK, and WOOD, JJ.
 
 SHARP.
 Order
 
 2
 Indiana convicted Sandy Paul Bruce in 1975 of two murders and two rapes and sentenced him to life imprisonment. Bruce v. State, 268 Ind. 180, 375 N.E.2d 1042 (1978). The judgment of conviction is ambiguous: is Bruce serving one life term, as a merged sentence for the two murders, or two life terms? In 1995 a state judge concluded that Bruce is serving two consecutive life terms. The state's appellate court concluded that the actual sentence is two concurrent terms, remanding for the entry of a correct judgment. Bruce v. State, 671 N.E.2d 212 (Ind.App.1996) (table). All of this seems entirely formal, because Bruce has only one life to live. But state law treats one life sentence differently from two for purposes of parole eligibility--though there is no difference between concurrent and consecutive life terms. A prisoner serving one life term for first-degree murder may apply for parole after 20 years; a prisoner serving two life terms is ineligible for parole. Ind.Code § 11-13-3-2(b)(3); Hackett v. State, 61 N.E.2d 1231 (Ind.App.1996). Bruce filed a petition for habeas corpus under 28 U.S.C. § 2254, asking the district court to make him eligible for parole by getting rid of one of the life terms.
 
 
 3
 Bruce contended that the modification of his sentence violated the double jeopardy clause of the Constitution. The district judge rejected this claim on the merits (brushing past an argument by the state that it had been forfeited because not presented to the state court) and issued a certificate of appealability identifying the following two questions for appeal:
 
 
 4
 1. Whether the petitioner's Fourteenth Amendment right to due process of law in the finality of his sentence was violated.
 
 
 5
 2. Whether the State Court's findings were contrary to, or involved an unreasonable application of clearly established Federal law.
 
 
 6
 Bruce has filed an appellate brief attempting to address these issues, but he has not fared well because the district court did not comply with 28 U.S.C. § 2253(c) when issuing the certificate.
 
 Section 2253(c) provides:
 
 7
 (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
 
 
 8
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
 
 
 9
 (B) the final order in a proceeding under section 2255.
 
 
 10
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 
 
 11
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
 
 
 12
 The district court's second question does not "satisfy the showing required by paragraph (2)" because it does not point to any constitutional issue at all. It rephrases part of 28 U.S.C. § 2254(d)(1), which provides that a writ of habeas corpus shall not issue with respect to any claim adjudicated on the merits unless the state's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", mixing in language from § 2253(e), which deals with review of a state court's factual findings. Language substantively limiting the district court's authority to engage in collateral review has no place in a certificate of appealability, which serves a different function altogether. As for the first question in the district court's certificate: a boilerplate reference to due process of law does little to identify the actual question at hand, and § 2253(c)(3) requires the court to identify the "specific issue or issues" that satisfy the statutory standard--that is, "a substantial showing of the denial of a constitutional right". It is apparent from the district court's short opinion that the judge did not think that Bruce has made out "a substantial showing of the denial of a constitutional right". The judge accordingly should have declined to issue a certificate of appealability. If appearances are misleading, and Bruce has a substantial constitutional claim making a certificate of appealability appropriate, the judge should have identified with care what that issue is and why it is substantial. A generic reference to due process does not help this court, and it appears to have misled Bruce. But we held in Young v. United States, 124 F.3d 794, 799 (7th Cir.1997), that shortcomings in a certificate of appealability do not defeat appellate jurisdiction, so we press on, but with the hope that the district judge will in the future comply fully with § 2253(c).
 
 
 13
 Indiana repeats in this court an argument that the district judge failed to address: a submission that Bruce forfeited his constitutional argument by failing to present it to the state courts. See Coleman v. Thompson, 501 U.S. 722, 730 (1991); Hogan v. McBride, 74 F.3d 144, 147 (7th Cir.1996). Bruce contends that we likewise should ignore the argument, because it is not listed in the certificate of appealability, see Fed.R.App.P. 22(b), nor does an appellee require permission to defend its judgment with any argument preserved in the district court. Massachusetts Mutual Life Insurance Co. v. Ludwig, 426 U.S. 479 (1976). Bruce does not contend that he ever presented his constitutional claims to the state courts. The 1996 opinion of the state's appellate court is concerned entirely with the choice between concurrent and consecutive sentences as a matter of Indiana law. Bruce therefore has forefeited his constitutional claim, and no "cause" for this omission is apparent. See Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 14
 At all events, we do not think that Bruce has a substantial double jeopardy claim. Whatever the status of Ex parte Lange, 85 U.S. (18 Wall.) 163 (1874), now that the concept of "term of court" has been abolished and United States v. DiFrancesco, 449 U.S. 117 (1980), and Pennsylvania v. Goldhammer, 474 U.S. 28 (1985), have held that courts may increase sentences without violating the double jeopardy clause, Lange offers him no assistance. It dealt with an increase in the sentence; Bruce complains about an order clarifying matters so that the sentence reflects the original decision. The state's appellate court observes that at the time of Bruce's trial juries in Indiana determined not only guilt or innocence but also the defendant's sentence. The jury forms indicate that Bruce was convicted of two murders and sentenced to life for each crime. That is two life sentences. The 1978 opinion of the Supreme Court of Indiana assumes that Bruce is under two life sentences. The 1995 order accordingly clarified but did not alter the verdicts rendered in 1975. Nothing in the federal constitution prevents a state from ensuring that its records accurately reflect the disposition of criminal proceedings.