Grace GARNER, as special representative of decedent Michael Shannon, Plaintiff–Appellant,

v.

Steven CULLINAN, et al., Defendants–Appellees.

No. 02–3474.

United States Court of Appeals, Seventh Circuit.

Argued May 16, 2003.

Decided May 29, 2003.

Rehearing and Rehearing En Banc Denied July 1, 2003.

Before FLAUM, Chief Judge, EASTERBROOK, and ROVNER, Circuit Judges.

## Order

The only question we need resolve in this litigation under 42 U.S.C. § 1983 is whether plaintiff commenced the suit within the statute of limitations.

Michael Shannon died of stomach cancer while in Illinois' custody. Grace Garner, as special representative for the benefit of Shannon's estate, contends that defendants subjected him to cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Garner submits that, had additional tests been performed and the cancer diagnosed earlier, a cure might have been possible or pain ameliorated. The district court granted summary judgment to the defendants, however, concluding that many physicians (including specialists) had seen Shannon and that failure to diagnose his cancer until it was too late (physicians attributed his symptoms to cirrhosis of the liver) was at worst negligence rather than a deliberate choice to let Shannon suffer (or a choice made with indifference to the risks and pain he faced).

■ The district judge did not consider whether Garner sued in time, although defendants had offered the statute of limitations as one ground on which they could prevail. Garner's opening brief directs its fire against the district court's ruling on the merits. That is entirely appropriate. But when defendants renewed in this court their argument that the suit is untimely, Garner's lawyer should have addressed it in the reply brief. At oral argument counsel told us that he assumed that, because the district judge did not mention this question, he had prevailed on it conclusively and did not need to worry about it ever again. That is a woeful misunderstanding of appellate practice. Appellees are free to defend their judgments with all arguments properly preserved in the district court, no matter how that court dealt with those arguments. Compare *Massachusetts Mutual Life Insurance Co. v. Ludwig*, 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976), with *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479–81, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999); see also, e.g., *Jordan v. Duff & Phelps, Inc.*, 815 F.2d 429, 439 (7th Cir.1987).

■ Although Garner has forfeited any right to contest this ground of affirmance, we looked at the papers filed in the district court to determine whether there might be a sound response to what seems (on reading appellees' briefs) a solid defense. There is not. Counsel staked all on a belief that plaintiffs have five years to commence § 1983 litigation in Illinois. Yet the limit is two years. See *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir.1989). Federal courts must borrow, for *all* § 1983 suits, the period that each state uses for personal-injury actions. See *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Supreme Court added in *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), that, when states have multiple personal-injury periods, courts should use the one of most general application. That period, we held in *Kalimara* (and have reiterated since) is two years in Illinois. See, e.g., *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir.1999); *Ashafa v. Chicago*, 146 F.3d 459, 461 (7th Cir.1998); *Palmer v. Board of Education*, 46 F.3d 682, 684–85 (7th Cir.1995).

■ When a § 1983 claim accrues is an issue of federal law, see *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir.1996), and the federal rule is that a claim accrues when the plaintiff knows both the existence and

the cause of his injury. It is not essential that the plaintiff also know that wrongful conduct occurred. See *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). A plaintiff cannot wait until suspicions have been confirmed or all the loss (here, the death) has come to pass. The period of limitations itself supplies the time required for investigation, the gathering of medical opinions, and quantification of the injury. Shannon and his parents learned on December 22, 1997, that he had stomach cancer. He knew then that he was suffering injury (the cancer) and that the earlier diagnoses had been incorrect. This suit, filed on December 28, 1999, came too late. Accordingly, the judgment of the district court is

AFFIRMED.