**Kathryn KIM, Plaintiff–Appellant,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant— Appellee.**

No. 02–35919.

D.C. No. CV–01–01874–MA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Dec. 16, 2003.

---

Tim D. Wilborn, Esq., Law Offices of Tim Wilborn, Linda Ziskin, Lake Oswego, OR, for Plaintiff–Appellant.

M. Ashley Harder, Office of the General Counsel, Baltimore, MD, Craig J. Casey, Esq., USPO–Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before ALARCON, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Kathryn Kim sought to appeal a denial of disability benefits from the Social Security Administration (SSA), but was denied a rehearing because she untimely filed. The district court dismissed her action for lack of jurisdiction under 42 U.S.C. § 405(g) because she failed to obtain a final judgment after a hearing as required by the regulation. We have considered Kim's argument and find that she has no basis for mandamus, the only basis for jurisdiction that she asserts on appeal, and affirm the district court.

After the SSA terminated her disability benefits, Kim requested and was granted a hearing for reconsideration of her claim in 1999. Before the agency issued a decision, Kim was incarcerated. Some months later, the SSA sent a notice to Kim, informing her that she was determined ineligible for benefits, and advising her that she could appeal the decision within 60 days of receipt of the letter. The notice informed Kim that the agency presumed that she received the notice within 5 days of the date of issuance. The SSA sent the letter to the last address it had on record for Kim, which turned out to be a postal box that Kim did not check while in prison. At no point during her incarceration did Kim apprise the SSA of her new mailing address.

More than a year after Kim received the notice, in 2001, she was released from prison, retrieved the mail that was sent to her postal box, and responded to the notice several days later. The Administrative Law Judge (ALJ), followed by the Appeals Council, denied Kim a hearing because she filed more than 60 days from the date that she received the letter. Kim sought review in the district court, asserting 42 U.S.C. § 405(g) and 28 U.S.C. § 1361 as the bases for jurisdiction. The district court held that because of her untimely filing, Kim had not obtained a final hearing as required by § 405(g) and dismissed her action for lack of subject matter jurisdiction. On appeal, Kim waived her § 405(g) assertion in her reply brief and asserted only the § 1361 (mandamus) statute.

Dismissal for lack of subject matter jurisdiction is a question of law reviewed de novo. *See McGraw v. United States,* 281 F.3d 997, 1001 (9th Cir.2002). Although the district court did not address the mandamus request, the issue is one of law and does not require factual development, and the Court can affirm on this ground. *Cf. Massachusetts Mut. Life Ins. Co. v. Ludwig,* 426 U.S. 479, 481, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976). This circuit has held that § 1361 is available to challenge a denial of social security benefits. *See, e.g., Kildare v. Saenz,* 325 F.3d 1078, 1084 (9th

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2003). Still, mandamus will lie only if "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Kildare,* 325 F.3d at 1084 (quoting *Patel v. Reno,* 134 F.3d 929, 931 (9th Cir.1997)).

Kim has no clear right to a hearing, and the ALJ has no nondiscretionary duty to grant her one. Under the relevant SSA regulations, a request for a hearing must be filed "[w]ithin 60 days after the date you receive notice of the previous determination or decision." 20 C.F.R. § 404.933(b)(1). The date "you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period." *Id.* § 404.901. Kim argued that she timely filed her request for a rehearing because she did not actually receive the notice from SSA until after she was released from prison, and she responded to the notice within 60 days of her in-hand receipt. Kim argued that "receive" as used in the regulations means actual receipt, but nothing in the regulations defines "receive" as actual, rather than constructive, receipt. Therefore she has no clear right to a hearing under the regulations. Kim had the duty to inform the agency of any change in address and failed to do so. She may not demand a hearing when she did not apply within the required time. Kim has not established her right to mandamus relief. AFFIRMED.