**In the Matter of Scott I. RICHARDSON, Respondent.**

**No. 49S00–0607–DI–271.**

Supreme Court of Indiana.

Oct. 30, 2007.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In January 2004, Respondent filed a post-dissolution petition for a client seeking to emancipate the client's son and relieve the client of support obligations. Although the court eventually granted the relief requested, during the course of the proceedings, Respondent failed to appear for a hearing, failed to appear at a status conference, failed to draft an order the court had ordered him to draft, and failed

to appear at a hearing to show cause why he should not be found in contempt. On two occasions when Respondent did not appear in court, the client appeared without knowledge that Respondent did not intend to appear.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.4(a), which requires an attorney to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and Rule 8.4(d), which prohibits engaging in conduct that is prejudicial to the administration of justice.

**Discipline:** Respondent has twice before been suspended from the practice of law. The parties agree the appropriate sanction is suspension from the practice of law for a period of ninety (90) days with automatic reinstatement. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law **for a period of ninety (90) days, beginning December 7, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent, believing the agreed penalty is inadequate in light of the charged offense and Respondent's prior disciplinary history.