Sam **DESANTIS;** Atef Awada, individuals, Plaintiffs— Appellants,

v.

**GENERAL MOTORS CORPORATION,** a Delaware corporation, Defendant—Appellee.

No. 06–56605.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 16, 2008.

Rosamund M. Lockwood, Esq., Jonathan A. Michaels, Esq., Burkhalter Michaels

**436**

Kessler & George, LLP, Irvine, CA, for Plaintiffs–Appellants.

Gregory R. Oxford, Esq., Isaacs Clouse Crose & Oxford, LLP, Torrance, CA, for Defendant–Appellee.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL *, District Judge.

## MEMORANDUM **

Sam DeSantis and Atef Awada appeal the district court's summary judgment in favor of General Motors Corporation ("GM"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court correctly concluded that there is no genuine issue of material fact as to whether GM's rejection of De-Santis and Awada's dealer application was reasonable. *Ford Motor Co. v. Claremont Acquisition Corp. (In re Claremont Acquisition Corp.)*, 186 B.R. 977, 985 (C.D.Cal. 1995). Substantial evidence of a material deficiency in performance-related criteria existed in the record. *See also Claremont*, 186 B.R. at 989 (Under California Vehicle Code § 11713.3(e), a vehicle manufacturer "cannot rely on unreasonable criteria in rejecting a proposed assignee. When a manufacturer's evidence is shown to relate to unreasonable criteria or is shown to be inaccurate, it is properly rejected.").

In particular, there was substantial evidence of poor customer satisfaction scores during the time period when DeSantis took over as general manager of Sunset Auto Plaza. There was also substantial evidence of inadequate capitalization because, it is undisputed that when the application was turned down, DeSantis did not meet the requirement that he personally invest unencumbered funds equal to 15 percent of the total dealership capital. It was not unreasonable for GM to reject the application, even if DeSantis were later to receive funds as a gift from Awada, because De-Santis did not own those funds at the time. *See Claremont*, 186 B.R. at 986–87; *In re Van Ness Auto Plaza, Inc.*, 120 B.R. 545, 547, 550–51 (Bankr.N.D.Cal.1990) (listing factors that a manufacturer may properly consider in making a decision to withhold consent to assignment).

As a result, DeSantis and Awada failed to establish a prima facie case of either intentional or negligent interference with prospective economic advantage. *See Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392–93, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995) (holding that the tort of intentional or negligence interference with prospective economic advantage requires that a defendant's interference be wrongful "by some measure beyond the fact of the interference itself" (internal quotation marks omitted)); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1158–59, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003).

**AFFIRMED.**

---

\* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We deny DeSantis and Awada's motion to strike GM's "unauthorized cross-appeal," *see Mass. Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 480, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976), and deny as moot GM's motion to strike in part DeSantis and Awada's reply brief.