**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 17, 2010[*]
Decided March 8, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2573

ASA S. LEWIS, SR.,
    *Plaintiff-Appellant,*

    *v.*

CATERPILLAR INC.,
    *Defendant-Appellee.*

Appeal from the United
States District Court for the
Central District of Illinois.

No. 07-cv-1086
Joe Billy McDade, *Judge*.

### Order

Asa Lewis contends, in this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, that he was subjected to racially hostile working conditions and that, when he complained, he was fired.

The district court granted summary judgment in the employer's favor after concluding that Lewis had not filed suit within 90 days after receiving the agency's right-to-sue notice. 42 U.S.C. §2000e–5(f)(1). It is undisputed that the agency sent the notice to a nonexistent address, a pastiche of two in its records. The district court concluded, however, that Lewis had failed to inform the agency of his current address and would not have received the notice even had the agency sent it to the latest one it had on file. Because a person who makes a charge of discrimination must alert the agency to any change of address, 29 C.F.R. §1601.7(b), the district court deemed the notice received when mailed, making the suit untimely. Lewis responded with an affidavit that he *had* notified the agency about his current address. The district court declined to consider the affidavit, ruling that it should have been presented sooner.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Lewis contends with some force that the district court should have held an evidentiary hearing to determine whether the agency had his current address (and, if not, whether a notice sent to the previous address would have been forwarded to him). The employer defends the district court's decision on the timeliness issue but also contends that Lewis has not made out a prima facie case of race discrimination. An appellee is entitled to defend its judgment on any ground preserved in the district court (as this ground was), whether or not the district judge resolved that ground. See *Massachusetts Mutual Life Insurance Co. v. Ludwig*, 426 U.S. 479 (1976). Instead of meeting the employer's argument, Lewis's reply brief ignores it—indeed, asks us to strike the employer's brief because (Lewis maintains) a court of appeals may consider only issues that the district judge actually addressed. Given *Ludwig* and many similar decisions, however, this court is entitled to bypass the timeliness question and tackle the merits.

To establish a prima facie case of discrimination, Lewis had to show that he belongs to a protected class, was meeting the employer's legitimate expectations, suffered an adverse action, and was treated worse than similarly situated employees outside the protected class. See *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Tyson v. Gannett Co.*, 538 F.3d 781, 783 (7th Cir. 2008). The evidence of record would not permit a reasonable jury to find that Lewis was meeting Caterpillar's legitimate expectations or that any similarly situated person was treated more favorably.

Lewis spent about eight months in Caterpillar's employ. Approximately three months of this was on leave. During his initial working weeks, he was frequently tardy or late. Some six weeks into Lewis's employment, a supervisor warned him that he was tardy or late at an unacceptably high rate. Lewis then began to skip work altogether, without obtaining approval in advance. After the fourth unexcused absence, a supervisor told Lewis that, on his next working day, he must bring a physician's note explaining his absence, and that failure to do so would lead to his discharge. Lewis next appeared at work without any medical documentation and was fired that very day.

Failure to arrive for work on time—or at all—is not satisfactory performance. Employers need to know who will work so that they can plan production schedules (or arrange for substitutes). Lewis does not contend that Caterpillar's rules allow employees to be late, or miss work without approval, as often as he did. He therefore was not meeting the employer's legitimate expectations. Lewis contended in the district court that two other employees had been treated more favorably, but he did not produce evidence about their attendance records and therefore did not show either that they were comparable or that any difference in treatment occurred. So he did not make out a prima facie case of either race discrimination or retaliation. What this record shows is an employer willing to grant Lewis ample time off on request, but unwilling to allow him to show up late (or skip work altogether) without advance notice. Summary judgment in Caterpillar's favor therefore is

AFFIRMED.