In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2681

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARTIN AVILA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:02-cr-00141—**David F. Hamilton,** *Judge.*

ARGUED JANUARY 25, 2011—DECIDED MARCH 7, 2011

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

PER CURIAM. The issue in this successive appeal is whether the district court on remand could correct a previously undetected factual error in its drug-quantity finding that had favored the defendant, Martin Avila. During the first appeal, Avila successfully argued that the district court sentenced him using an offense level that did not correspond to the original drug-quantity finding, so we remanded for resentencing. *See United States v. Avila*, 557 F.3d 809 (7th Cir. 2009). At

resentencing, the district judge corrected the understatement in the drug quantity attributable to the defendant, recalculated the guidelines range using the correct offense level, and sentenced him to 365 months' imprisonment, 31 months below the original sentence. Avila now argues that the district court violated the cross-appeal rule by basing the new sentence on evidence that, although part of the original trial record, was not relied upon at the first sentencing hearing. Because the court did not violate the cross-appeal rule and acted within the scope of our remand, we affirm his sentence.

Avila was tried for conspiracy to possess methamphetamine, cocaine, and marijuana with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii), (b)(1)(B)(vii). At trial, Wilbert Avant and Rene Nava-Rubio, two of Avila's coconspirators, testified that he supplied them with a variety of drugs that they sold in the Indianapolis area in 2000 and 2001. Combined, Avant and Nava-Rubio testified that they received more than 58 kilograms of methamphetamine, 80 kilograms of cocaine, and 363 kilograms of marijuana from Avila over the course of the conspiracy. Following a two-day trial, a jury found Avila guilty.

A probation officer prepared a presentence investigation report, which no party challenged at sentencing. The report omitted some of the drugs that, according to the trial testimony, Avila supplied to Avant and Nava-Rubio. With these omissions, the report attributed only 9.072 kilograms of methamphetamine, 30 kilograms of cocaine, and 90.072 kilograms of marijuana to the con-

spiracy. The probation officer converted these drugs to a marijuana equivalency of 24,234 kilograms, *see* U.S.S.G. § 2D1.1 cmt. n.10(E), and reported that this quantity of drugs generated a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1). The correct base offense level for 24,234 kilograms of marijuana is actually 36. U.S.S.G. § 2D1.1(c)(2).

The district judge accepted the base offense level of 38 and the guidelines sentencing range of 324 to 405 months' imprisonment from the report. The judge noted that Avila played a key role in the conspiracy, had a significant criminal history, showed no remorse, and that his prospects for rehabilitation were virtually zero. The judge then sentenced Avila to 396 months' imprisonment.

In his first appeal, as relevant here, Avila argued that the sentencing judge incorrectly calculated his base offense level. *Avila*, 557 F.3d at 809. He asserted that 36, not 38, is the proper base offense level for 24,234 kilograms of marijuana. The government responded that the trial evidence supported a finding of more than 30,000 kilograms of marijuana, allowing a base offense level of 38. Observing that 36 is the correct base offense level for 24,234 kilograms of marijuana, we remanded for resentencing with instructions to "consider the Guidelines range that properly reflects the amount of drugs Avila distributed." *Id.* at 823.

On remand, the government submitted an addendum to the presentence report that included the drug quantities reflected in the trial testimony of Avila's

coconspirators that the probation officer had excluded from the first report. After including these drug quantities, the probation officer now attributed the equivalent of 132,508 kilograms of marijuana to the conspiracy and calculated a base offense level of 38, a conclusion to which Avila did not object. The judge emphasized that he was not relying on the addendum itself, but computed the drug quantity directly from the evidence at trial. Using conservative estimates of the drug quantities reflected in the testimony of Avant and Nava-Rubio, the district judge calculated that the conspiracy handled the equivalent of 132,363 kilograms of marijuana—more than 100,000 kilograms above the level needed to generate a base offense level of 38. Avila did not object to the judge's procedure or finding. The judge calculated a new guidelines range of 292 to 365 months and sentenced Avila to a reduced sentence of 365 months' imprisonment.

On appeal, Avila now argues that the district court plainly erred when it sentenced him based on drug quantities that it did not consider at his first sentencing hearing. He contends that the judge should have used the original drug quantities, producing a base offense level of 36 and a guidelines range of 235 to 293 months. Avila invokes *Greenlaw v. United States*, 554 U.S. 237 (2008), to argue that the district court cannot on remand correct a guidelines-calculation error that the government did not raise on a cross-appeal.

In *Greenlaw*, the district court sentenced the defendant below the mandatory minimum sentence. *Id.* at 241-42.

The defendant appealed, seeking an even lower sentence, and the Eighth Circuit sua sponte ordered the district court to increase the sentence to the mandatory minimum. *Id.* at 242-43. The Supreme Court held that the court of appeals could not correct the sentencing error to the detriment of the defendant because the government had not cross-appealed to request a sentencing increase. *Id.* at 244-45.

Avila's reliance on *Greenlaw* is misplaced. The purpose of the cross-appeal rule is to give "fair notice" to Avila that the appellate court may increase his sentence. *Id.* at 245. But here, neither the government nor any court has so surprised Avila. Rather than ordering his sentence increased, we simply remanded the case so that the district judge could resentence Avila using the correct offense level for the amount of drugs that he distributed. Likewise, the government has not added a new sentencing request, either in this court or in the district court, because it has consistently maintained that Avila's base offense level is 38. And because 38 is the base offense level the district judge initially used, the government had no reason to cross-appeal. *See Massachusetts Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 480-81 (1976) (party may defend a court ruling on any ground without taking a cross-appeal). Finally, *Greenlaw* does not bar a district judge from imposing the same sentence on remand, 554 U.S. at 253-54, and, in any case, the judge sentenced Avila to 365 months' imprisonment— 31 months less than his initial 396-month sentence.

The relevant inquiry in an appeal challenging a district judge's discretion at resentencing to consider

matters not previously raised on appeal is the scope of remand. *See United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002). The scope of remand is determined by this court's opinion. *Id.* at 251. If an opinion identifies "a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). But in the absence of a mandate limiting the scope of remand, it is reasonable for a district judge to consider disputed sentencing issues. *United States v. Schroeder*, 536 F.3d 746, 752 (7th Cir. 2008).

Here, we ordered the district judge to "consider the Guidelines range that properly reflects the amount of drugs Avila distributed." *Avila*, 557 F.3d at 823. In the first appeal, we were aware that, in the government's view, evidence at trial showed that Avila distributed sufficient drug quantities to support a base offense level of 38. *Id.* at 813, 822. Consequently, we did not limit the remand to resentencing based on the drug quantity listed in the initial presentence report, but instructed the district court to sentence Avila based on "the amount of drugs [he] distributed." Using only evidence from the original trial proceedings, the district court did precisely that. The district court thus acted within the scope of the remand order and committed no error, plain or otherwise.

Therefore, the judgment of the district court is AFFIRMED.

---