**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 11, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3180

| | |
|---|---|
| JOSEPH OROSCO, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-833 |
| JOANNE SWYERS, | Rudolph T. Randa, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Joseph Orosco, a Wisconsin inmate, invokes 42 U.S.C. § 1983 to contend that Detective Joanne Swyers violated the Fifth Amendment by interrogating him without providing the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and that the state later used the resulting confession against him in a criminal proceeding. The district

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

court granted Swyers's motion for summary judgment after determining that she was entitled to qualified immunity. We affirm the judgment because the suit is untimely.

The facts underlying this case date back to 1998, about a year after Orosco began serving a life sentence. In January 1998, a prison guard placed Orosco in handcuffs and belly chains and escorted him from his cell to the prison security office. Once he was in the office, Swyers told him that she was investigating an incident that had occurred within the prison and asked Orosco to answer some questions. Swyers says Orosco was free to leave, but he disputes this assertion, pointing out that he remained cuffed and chained, and that the guard who had escorted him to the office stayed in the room. Because we are reviewing a grant of summary judgment, we resolve this and all other fact disputes in Orosco's favor. *See Holland v. City of Chicago*, 643 F.3d 248, 250 (7th Cir. 2011).

Swyers never gave Orosco his *Miranda* warnings, and during the conversation Orosco confessed that he had threatened another inmate who had been the victim of a prison fight. Later that year, in October 1998, the state charged Orosco with intimidating the victim of a crime. The prosecution relied on the statements Orosco had given to Swyers, but a year later the state court suppressed the confession after concluding that Swyers obtained it by violating *Miranda.* Without this evidence, the state dismissed the charge.

Around the same time, Wisconsin amended its applicable tolling statute. When Orosco *gave* his unwarned statements, Wisconsin law allowed prisoners up to five years beyond the applicable statute of limitations to file suit. WIS. STAT. § 893.16 (1996). But by the time the state *used* Orosco's statements to initiate criminal proceedings against him, in October 1998, imprisonment had been eliminated as a basis for tolling. *See* Wisconsin Prisoner Litigation Reform Act, 1997 WIS. ACT 133, § 37 (effective Sept. 1, 1998); *Storm v. Legion Ins. Co.*, 665 N.W.2d 353, 367 n.24 (Wis. 2003).

Orosco filed this suit in October 2008, ten years after the state used his unwarned statements, claiming, as relevant here, that Swyers violated his rights under *Miranda.* The district court initially dismissed the case as untimely. The court noted that the limitations period for § 1983 suits arising in Wisconsin is six years and concluded that Orosco had long missed the deadline. Orosco then moved to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, calling to the court's attention the change in the state's tolling statute. The district court acknowledged that, at the time Orosco gave his unwarned statements, Wisconsin prisoners benefitted from a 5-year tolling period. The court concluded that when 5 years of tolling was combined with the 6-year limitations period, Orosco's suit was timely because he filed it less than 11 years after he gave his unwarned confession.

Swyers then moved for summary judgment. She still contended that Orosco's suit was untimely and added another argument. She maintained that in 1998 a failure to give *Miranda* warnings did not violate the constitution and thus could not form the basis for a civil suit under § 1983, and so she was entitled to qualified immunity. The district court agreed and granted the motion on that basis.

Our analysis begins and ends with Swyers's defense that the limitations period expired six years after the state used Orosco's confession in 1998. Orosco objects that Swyers cannot argue timeliness on appeal because she failed to file a cross-appeal, but he is mistaken. As long as Swyers is not seeking to enlarge her victory from the district court, which she is not, we may resolve the case on any basis supported in the record without Swyers having cross-appealed. *See Mass. Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 481 (1976); *In re UAL Corp.*, 468 F.3d 444, 449 (7th Cir. 2006). To resolve the merits of the timeliness defense, the district court properly looked to state law. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). The court was also correct to conclude that, absent clear statutory instructions to the contrary, Wisconsin generally does not retroactively apply a law that changes the time in which to sue to a claim that has previously accrued. *See Betthauser v. Med. Protective Co.*, 493 N.W.2d 40, 43 (Wis. 1992).

The key, therefore, is determining when Orosco's claim accrued. Is it when he confessed (as the district court thought) or when the state used the confession to charge him with a crime (which is after the 5-year tolling privilege was eliminated)? The answer determines both when the statute of limitations began to run and whether Orosco benefits from the now-rescinded tolling statute. WIS. STAT. § 893.16 (1996); *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 734 (7th Cir. 2010). A claim for failing to give *Miranda* warnings during a custodial interrogation accrues, at the earliest, when the statements are used in "the initiation of a legal proceeding." *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003) (plurality opinion); *Hanson v. Dane Cnty., Wis.*, 608 F.3d 335, 339-40 (7th Cir. 2010); *Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006). Orosco's statements could not have been so used, and his claim therefore could not have accrued, before October 1998, because that is when the state initiated proceedings against him based on his confession. *See Sornberger*, 424 F.3d at 1027. By that time the new tolling statute was already in effect. Orosco is therefore unable to benefit from the tolling laws that were in place at the time he gave his unwarned confession, and his suit is many years too late.

AFFIRMED.