In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-3868

SCOTT IAN RICHARDSON,

*Plaintiff-Appellant,*

*v.*

THE KOCH LAW FIRM, P.C.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cv-00631-JMS-TAB — **Jane Magnus-Stinson**, *Judge.*

ARGUED SEPTEMBER 22, 2014 — DECIDED SEPTEMBER 26, 2014

Before WOOD, *Chief Judge*, and EASTERBROOK and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Scott Richardson incurred an educational debt in 1988 but did not pay. Indiana University, the creditor, filed suit in May 1998, in state court, and a trial was scheduled for September 7, 2000. Richardson filed a bankruptcy petition on September 1 but did not tell the state court, the University, or The Koch Law Firm, P.C., its counsel. Nor did he appear for trial. The state judge entered a de-

fault judgment, which the Law Firm tried unsuccessfully to collect. Now Richardson says that the Law Firm should pay *him* for violating two sections of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f, by trying to enforce a judgment that had been entered in violation of the automatic stay under the Bankruptcy Code, 11 U.S.C. §362.

After learning about the bankruptcy, the Law Firm stopped trying to collect the judgment. The bankruptcy ended in June 2001, and the Law Firm went back to work, relying on 11 U.S.C. §523(a)(8), which makes most educational debts nondischargeable. Richardson filed a second bankruptcy proceeding in January 2002. It lasted until April 2007. Once again the Law Firm desisted during the bankruptcy's duration and tried to collect after its end. Those post-2007 efforts form the basis of Richardson's current claim.

The district court treated this suit as a collateral attack on the state court's judgment and dismissed it for want of jurisdiction, invoking the *Rooker-Feldman* doctrine. 2012 U.S. Dist. LEXIS 167064 (S.D. Ind. Nov. 26, 2012). See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). These decisions hold that the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation. The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005); *GASH Associates v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). Richardson maintained that the source of his injury is the Law Firm's effort to *collect* the judgment, not the judgment's bare existence, but the district judge saw this as a se-

mantic difference only and wrote that a claim "inextricably intertwined" with a state court's judgment remains covered by *Rooker-Feldman*.

We are skeptical about the wisdom of asking whether something is "intertwined" ("inextricably" or extricably) with a state court's judgment. Lower courts in both *Saudi Basic Industries* and *Lance v. Dennis*, 546 U.S. 459 (2006), added an "inextricably intertwined" rider to the *Rooker-Feldman* doctrine and were reversed for their troubles. Courts should stick with the doctrine as stated in *Saudi Basic Industries*. But we need not pursue this matter, because legal activity continued after the district court's decision.

Richardson asked the bankruptcy court to reopen the 2000 bankruptcy proceeding and declare the state court's judgment "void." The bankruptcy judge granted the motion to reopen and stated that the judgment is "invalid" (though not "void") but did not enjoin its enforcement or award damages under 11 U.S.C. §362(k)(1). See 497 B.R. 546 (Bankr. S.D. Ind. 2013). Instead the judge concluded that any claim for damages based on efforts to enforce the judgment belongs to a trustee in bankruptcy, for the benefit of Richardson's creditors. Observing that Richardson had failed to declare any monetary claim based on the state-court judgment as an asset in the 2002 bankruptcy, the judge concluded that estoppel prevents Richardson from trying to collect for his own benefit. See *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006). Richardson did not appeal to a district judge.

After the bankruptcy judge's decision, Indiana University asked the state court to vacate its own judgment. On January 28, 2014, the state court obliged. As a result, the basis

for the district court's dismissal under *Rooker-Feldman* no longer exists.

Demonstrating appalling judgment, neither side brought this development to our attention, although both sides filed their appellate briefs after the state court vacated its judgment. Because that step affects subject-matter jurisdiction, counsel for both sides—Ruberry, Stalmack & Garvey, LLC, representing the Law Firm, and Richardson, a member of the bar representing himself—had an ethical duty to alert the court. Yet until the judges asked pointed questions at oral argument, neither side was forthcoming. Richardson even professed not to know the status of the state judgment to which he was a party. That assertion is hard to credit, for the state court's order shows that it was sent to Richardson. But apportioning blame gets us nowhere. What matters now is that the rug has been pulled out from under the district court's decision.

In addition to relying on a state-court judgment that, by the time of briefing, no longer existed, the Law Firm asked us to affirm on the bankruptcy judge's ground—that any claim belongs to the estate in bankruptcy for the benefit of Richardson's creditors, not to Richardson personally. The Law Firm made this argument to the district court too, but the court did not reach it given its reliance on the *Rooker-Feldman* doctrine. A prevailing party is entitled to defend its judgment on any ground preserved in the district court. See *Massachusetts Mutual Life Insurance Co. v. Ludwig*, 426 U.S. 479 (1976). Richardson did not bother to file a reply brief, and it became apparent at oral argument that he is unaware of the rule stated in *Ludwig*—a rule that *Morley Construction Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191 (1937), called

"inveterate and certain". Richardson thus forfeited his opportunity to contest this issue.

Richardson did not pay his debt when it was due in 1988 (and still has not done so, although it has not been discharged); he did not alert the Law Firm (or the state court) to his bankruptcy petition in 2000; he did not appear for trial; he filed a motion to vacate the state judgment and lost because he did not show up to argue when it was scheduled for presentation; he did not appeal the bankruptcy court's decision of August 2013; he did not file a reply brief; he did not tell us about the vacatur of the state court's judgment. It is hard to see how someone so deficient in the defense of his own interests could be an effective advocate for the interests of clients. And it turns out that he has not been; Indiana has suspended Richardson from practice at least three times. See *In re Richardson*, 875 N.E.2d 700 (Ind. 2007) (suspension for abandoning clients; recounting earlier discipline); *In re Richardson*, 792 N.E.2d 871 (Ind. 2003) (suspension for lying in discovery, hiding assets, and abuse of legal process). Richardson is on notice: misfeasance or nonfeasance in federal litigation will lead to professional discipline. See Fed. R. App. P. 46(c).

The judgment of the district court is modified to be on the merits, rather than for lack of subject-matter jurisdiction, and as modified is affirmed.