[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14957
_____

D.C. Docket No. 6:14-cv-01704-RBD-TBS

HAROLD SMITH,
LAURA SMITH,
SHANIKQUA SMITH,

Plaintiffs-Appellants
Cross Appellees,

S.S.
a minor child, by and through Laura Smith, her mother
and natural guardian,

Plaintiff,

versus

ALAN J. CONFREDA,
Individually,
SHERIFF OF BREVARD COUNTY, FLORIDA,
BRIAN STOLL,
individually,

Defendants-Appellees,

BRIAN GUILFORD,
individually,

Defendant-Appellee
Cross Appellant,

Six Unknown Members
(hereinafter Does No. 1-6) of the Gang and Major Epidemic
of Violence Enforcement Response (G.A.M.E.O.V.E.R.)
Partnership and/or S.W.A.T. Team members of Wayne Ivey,
as Sheriff of Brevard County Florida, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 20, 2018)

Before ED CARNES, Chief Judge, NEWSOM, and SILER,[*] Circuit Judges.

PER CURIAM:

Harold and Laura Smith filed this action under 42 U.S.C. § 1983 and related state laws on their own behalf and on behalf of their daughter, Shanikqua Smith, against Sergeant Alan J. Confreda, Agent Brian Guilford, Agent Brian Stoll, and the sheriff of Brevard County. The Smiths claim that the agents violated their Fourth Amendment rights to be free from unreasonable searches and seizures. The district court found that the agents are entitled to qualified immunity, entered

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

summary judgment in their favor, and dismissed the state law claims for lack of jurisdiction.

We affirm for the reasons stated in the court's order, with one exception. The court found that Guilford violated Harold Smith's constitutional right when he handcuffed and frisked Harold, but it ruled that Guilford was entitled to qualified immunity because that right was not clearly established.[1]  The constitutional ruling is not necessary to our decision, and we do not imply any position about whether it is correct.  See Wate v. Kubler, 839 F.3d 1012, 1018–19 (11th Cir. 2016) (explaining that the court has the discretion to decide whether the right was clearly established before determining whether there was a constitutional violation).

**AFFIRMED.**

---

[1] Agent Guilford cross-appeals the court's constitutional finding.  But that cross-appeal is unnecessary.  A prevailing party may, without taking a cross-appeal, defend the district court's judgment with any argument based on the record, even if that argument involves an attack on the district court's reasoning.  See Mass. Mut. Life Ins. Co. v. Ludwig, 426 U.S. 479, 481, 96 S. Ct. 2158, 2159 (1976) ("[I]t is . . . settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court . . . .").