**SCHERING CORPORATION,**
**Plaintiff–Appellee,**

v.

**ILLINOIS ANTIBIOTICS COMPANY and Irving S. Rossoff, individually and doing business as Illinois Antibiotics Company, Defendants–Appellants.**

No. 96–1359.

United States Court of Appeals,
Seventh Circuit.

Submitted May 8, 1996.

Decided July 10, 1996.

Rehearing Denied Aug. 9, 1996.

Steven M. Kowal (submitted on briefs), Roger H. Bickel, Burditt & Radzius, Chicago, IL, for Plaintiff–Appellee.

David F. Schmidt, Joseph J. Hasman, Peterson & Ross, Chicago, IL, Thomas W. Lacy, Taylorville, IL, for Defendants–Appellants.

Before POSNER, Chief Judge, and COFFEY and ROVNER, Circuit Judges.

POSNER, Chief Judge.

This case is before us for the second time. The first time we held, on the appeal of the plaintiff, that the injunction against the defendants prohibited the sale of gentamicin for therapeutic use in powdered form and not just, as the district court had thought, in liquid form. 62 F.3d 903 (7th Cir.1995). That the defendants had violated the injunction if it reached the powdered form was not in dispute, so on remand the district court adjudged the defendants in contempt and by way of remedy ordered them to disgorge the profits of their violation to the plaintiff and to pay the plaintiff's attorneys' fees. The defendants' appeal raises a single issue, namely the exclusion of testimony by their lawyer concerning negotiations with the plaintiff's lawyers in which, according to the defendants' interpretation of that testimony, the plaintiff's lawyers acknowledged that the injunction reached only the liquid form of the drug.

That testimony had been excluded in the initial hearing before the district court, the hearing that had occurred before the first appeal. The defendants had not complained about that exclusion. They could, of course, have done so, without even having to file a cross-appeal. E.g., *Massachusetts Mutual Life Ins. Co. v. Ludwig*, 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 593 n. 8 (7th Cir.1993). They would have argued that the excluded testimony should have been admitted as further evidence that the district judge had interpreted the injunction correctly. Having lost the first appeal, they are seeking to recoup their loss by presenting evidence previously excluded. The attempt comes too late. Had they thought when they were opposing the first appeal that the excluded testimony was material, they should have said so then, rather than hold the testimony back for later use should they lose, thus doubling the number of appeals.

Under the doctrine of the law of the case, a ruling by the trial court, in an earlier stage of the case, that could have been but was not challenged on appeal is binding in subsequent stages of the case. E.g., *Cowgill v. Raymark Industries, Inc.*, 832 F.2d 798, 802 (3d Cir.1987). This rule, it is true, is ordinarily applied against a party that was the appellant in both appeals. The statement of it, however, is not so limited, see *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C.Cir.1995), and we think that in the interest of judicial economy it should have a limited applicability even where, as in this case, the initial challenge to the trial court's ruling would have been by the appellee. *Crocker* counsels "a degree of leniency" in such a case. *Id.* at 741. We certainly agree that the failure of an appellee to have raised all possible alternative grounds for affirming the district court's original decision, unlike an appellant's failure to raise all possible grounds for reversal, should not operate as a waiver. The urging of alternative grounds for affirmance is a privilege rather than a duty. But the present case does not involve a mere failure to have presented an alternative ground in a previous appeal. The defendants did not have an alternative ground for affirmance in the previous round. They had, rather, additional evidence, which the district court had

excluded, bearing directly on the *only* ground for affirmance that was argued—the meaning of the injunction. By holding back their challenge to that exclusion, they set the stage for bringing back to us the identical issue, the meaning of the injunction, on a second appeal should they lose the first. To put this differently, by reserving their challenge to the district court's evidentiary ruling they have put themselves in the position of asking us to reexamine our previous ruling on the basis of newly discovered evidence. Only, of course, it is not newly discovered. It was there all along. If they thought it material to the meaning of the injunction they should have challenged its exclusion in the first round.

The particular wrinkle in the doctrine of the law of the case that is presented by this appeal is novel, but we believe that our conclusion is sound in principle, and it is supported by *United States v. Duchi*, 944 F.2d 391, 392 (8th Cir.1991).

AFFIRMED.