**Mark A. MACK, Plaintiff–Appellant,**

v.

**GREAT DANE TRAILERS, Defendant–Appellee.**

No. 03–1188.

United States Court of Appeals, Seventh Circuit.

Submitted June 4, 2003.[*]

Decided June 11, 2003.

---

* This successive appeal has been submitted to the panel that heard the initial appeal. See Operating Procedure 6(b). The panel has

concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

### Order

Last fall we held that the record compiled at trial in this case under the Americans with Disabilities Act did not permit a reasonable jury to find that Mark Mack is disabled in the major life activity of "lifting." See *Mack v. Great Dane Trailers,* 308 F.3d 776 (7th Cir.2002). We remanded for entry of a judgment in defendant's favor. On remand, however, Mack drew other arrows from his quiver: if not disabled in "lifting," Mack insists, he is disabled in "working," "walking," and "standing"; or perhaps Great Dane perceived him as disabled even though he is not; or perhaps we were mistaken in thinking that the economy offers many other jobs for a person with his limitations. The district court entered judgment in defendant's favor, and Mack has appealed.

All theories Mack now presses are barred by the law of the case. There are two possibilities. First, arguments based on "working," "walking," and "standing" may have been presented before the initial appeal and thus could have been used as reasons to affirm the judgment, and were forfeited by their omission in this court; second, these arguments were *not* preserved in the district court and were forfeited for that reason. An appellate decision resolving all grounds presented for decision–thus, the court supposes, concluding the litigation–does not present the occasion for a new round of litigation in which counsel presents other arguments that, in retrospect, they wish had received greater prominence. See *Barrow v. Falck,* 11 F.3d 729 (7th Cir.1993).

the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Mack's arguments based on limitations with respect to "working," "walking," and "standing" had been presented to the district judge earlier in the litigation and resolved in defendant's favor by summary judgment, leaving only the "lifting" theory for trial. That decision merged into the final judgment, and Mack was free either to argue these theories in support of his judgment or to file a cross-appeal in quest of a second trial in the event that we agreed with Great Dane on "lifting." He was not free to ignore these issues on appeal from the final decision and resurrect them later. See *Schering Corp. v. Illinois Antibiotics Co.,* 89 F.3d 357 (7th Cir.1996). A party has only 30 days to appeal from a final decision, and that time cannot be extended by making a post-judgment motion reiterating arguments already raised and rejected.

AFFIRMED