UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: COMMUNITY MANAGEMENT
CORPORATION OF MARYLAND,
$\qquad$ *Debtor.*

---

BENJAMIN B. WEITZ; SHENANDOAH
ASSOCIATES LIMITED PARTNERSHIP;
JEFFERSON HOUSE ASSOCIATES LIMITED
PARTNERSHIP; LEESBURG MANOR
ASSOCIATES LIMITED PARTNERSHIP;
WOODSTOCK ASSOCIATES LIMITED
PARTNERSHIP,
$\qquad$ *Defendants-Appellants,*

v.

BARDYL R. TIRANA,
$\qquad$ *Appellee.*

No. 03-1020

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-01-2848-PJM, BK-00-11624-PM, AP-00-1595-PM,
AP-01-1046-PM, AP-01-1045-PM)

Argued: October 30, 2003

Decided: December 16, 2003

Before WILKINS, Chief Judge, and NIEMEYER and
SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Alan I. Baron, DORSEY & WHITNEY, Washington, D.C., for Appellants. David Drake Hudgins, HUDGINS LAW FIRM, Alexandria, Virginia, for Appellee. **ON BRIEF:** Linda Popejoy, DORSEY & WHITNEY, Washington, D.C.; Ronald L. Early, LERCH, EARLY & BREWER, Bethesda, Maryland; Janet M. Nesse, STINSON MORRISON HECKER, L.L.P., Washington, D.C., for Appellants. Sean C.E. McDonough, HUDGINS LAW FIRM, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The bankruptcy court imposed sanctions in this adversary proceeding against Bardyl Tirana, counsel for the debtor, Community Management Corporation of Maryland ("CMC"), under Bankruptcy Rule 9011 for filing and pursuing this proceeding against Benjamin Weitz and partnerships in which he had an interest (collectively, "Weitz"). On appeal, the district court reversed by an order dated October 11, 2002, and we now affirm that order.

Prior to bankruptcy, in 1991, Weitz sold his ownership interest in CMC to two former employees of CMC by means of a complex transaction involving a promissory note and collateralization of the note with the stock of CMC. When payment under the note became in default, the parties instituted multiple litigations in Maryland and in Virginia, each involving claims and counterclaims.

In February 2000, CMC filed a petition in bankruptcy under Chapter 11, and thereafter the trustee hired Bardyl Tirana, who had represented CMC in its other litigation against Weitz, to represent CMC's

interests in bankruptcy-related litigation. Tirana filed this adversary action on behalf of CMC, which Weitz alleged was the fourth suit in which CMC asserted the same or similar claims. On Weitz' motion, the bankruptcy court dismissed most of CMC's claims on the ground that they were barred by *res judicata* and collateral estoppel and imposed sanctions against Tirana in the amount of $33,000 because Tirana filed the complaint "in the face of a clear bar based upon the doctrines of *res judicata* or collateral estoppel." The bankruptcy court rejected Weitz' alternative ground for sanctions based on the argument that the claims were barred by the *Colorado River* doctrine. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The bankruptcy court concluded:

> Defendant's reliance upon the *Colorado River* doctrine in support of this motion is inappropriate. The doctrine is a type of abstention that is discretionary. Therefore, this court will not consider the application of the *Colorado River* doctrine as a basis for the imposition of sanctions.

(Citations omitted).

On appeal to the district court, the district court reversed the bankruptcy court's imposition of sanctions, concluding that CMC's claims were not clearly barred by *res judicata* and collateral estoppel. Having not been presented with the alternative argument under the *Colorado River* doctrine, it did not review the bankruptcy court's ruling on that doctrine.

In this appeal, Weitz does not challenge the district court's ruling that CMC's claims were not clearly barred by *res judicata* and collateral estoppel. Instead, he relies on the alternative ground presented to the bankruptcy court that CMC's claims against Weitz were barred under the *Colorado River* doctrine.

Without resolving the complex question of whether the bankruptcy court's ruling on the *Colorado River* doctrine is before us, *see Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 741 (D.C. Cir. 1995), we conclude that the bankruptcy court did not abuse its discretion in rejecting Weitz' alternative argument that sanctions should be

imposed because the claims were barred by the *Colorado River* doctrine.

Under the *Colorado River* doctrine, a federal court may, in rare cases, abstain from exercising jurisdiction over a federal action when a parallel state suit exists. 424 U.S. at 818-19. Abstention, however, is "the exception rather than the rule," with the balance of factors "heavily weighted in favor of the exercise of [federal] jurisdiction." *Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2002) (citation and internal quotation marks omitted). Weitz contends that sanctions were warranted because Tirana filed duplicative pleadings and should have known that the bankruptcy court would invoke the *Colorado River* doctrine and refuse to exercise jurisdiction. However, given the discretionary nature of the *Colorado River* doctrine and the heavy presumption in favor of the exercise of jurisdiction, application of the doctrine would rarely, if ever, be so certain as to warrant sanctions for the filing of a parallel action in federal court. Certainly, the bankruptcy court did not abuse its discretion in rejecting this ground for sanctions.

Accordingly, we affirm the October 11, 2002 order of the district court denying sanctions.

*AFFIRMED*