In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 15-3582

RUTHELLE FRANK, *et al.*,

*Plaintiffs-Appellants*,

*v.*

SCOTT WALKER, Governor of Wisconsin, *et al.*,

*Defendants-Appellees*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 11-C-01128 — **Lynn Adelman**, *Judge*.

———————

ARGUED APRIL 7, 2016 — DECIDED APRIL 12, 2016

———————

Before EASTERBROOK, KANNE, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. In 2011 Wisconsin enacted a statute requiring voters to present photographic identification. 2011 Wis. Act 23. A federal district judge found that the statute violates the Constitution as well as the Voting Rights Act and enjoined its application across the board. 17 F. Supp. 3d 837 (E.D. Wis. 2014). We reversed that decision. 768 F.3d 744 (7th Cir. 2014).

After the Supreme Court declined to accept the case, 135 S. Ct. 1551 (2015), one of the two sets of plaintiffs asked the district court to take up some issues that it had not previously resolved. The judge then rejected on the merits plaintiffs' contention that Wisconsin violated the Equal Protection Clause by declining to accept veterans' identification cards. See 2015 U.S. Dist. Lexis 141805 (E.D. Wis. Oct. 19, 2015) at *23–34. The state legislature soon amended Act 23 to require election officials to accept veterans' IDs. 2015 Wis. Act 261 §2. The parties agree that this makes that slice of the litigation moot, and we vacate the district court's decision on that subject and remand with instructions to dismiss this aspect of the complaint as moot. See *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

The district court dispatched two other challenges as well, see 2015 U.S. Dist. Lexis 141805 at *9–23, and plaintiffs have not contested those portions of the decision on appeal. But the district court declined to address plaintiffs' principal argument—that some persons qualified to vote are entitled to relief because they face daunting obstacles to obtaining acceptable photo ID. The court ruled that all arguments relating to the difficulty of obtaining photo ID were before this court in 2014 and that our mandate leaves no room for further debate. *Id*. at *5–9. Plaintiffs appeal this part of the district court's decision, contending that the judge misunderstood the scope of our mandate.

Plaintiffs want relief for three classes of persons: (1) eligible voters unable to obtain acceptable photo ID with reasonable expense and effort because of name mismatches or other errors in birth certificates or other necessary documents; (2) eligible voters who need a credential from some other

agency (such as the Social Security Administration) that will not issue the credential unless Wisconsin's Department of Motor Vehicles first issues a photo ID, which the DMV won't do until the other credential has been obtained; (3) eligible voters who need a document that no longer exists (such as a birth certificate issued by an agency whose records have been lost in a fire). We refer to these three categories collectively as inability to obtain a qualifying photo ID with reasonable effort, though the gastonette in category (2) and the loss of documents in category (3) may amount to impossibility rather than just difficulty. Plaintiffs maintain that preventing persons in these categories from voting for the rest of their lives would violate the Constitution, as understood in decisions such as *Anderson v. Celebrezze*, 460 U.S. 780 (1983), and *Burdick v. Takushi*, 504 U.S. 428 (1992).

The scope of an appellate mandate depends on what the court decided—and we did not decide that persons unable to get a photo ID with reasonable effort lack a serious grievance. The district court had held in 2014 that, because *some* voters face undue difficulties in obtaining acceptable photo IDs, Wisconsin could not require *any* voter to present a photo ID. And the district judge had included in the set of people encountering undue difficulty many who could get a state-issued photo ID but disliked the hassle. For example, the judge thought that persons who lack birth certificates but could get them on request, and those who have birth certificates but have not used them to get a state-issued photo ID, were among those facing undue difficulties.

We reversed that injunction as incompatible with *Crawford v. Marion County Election Board*, 553 U.S. 181 (2008), in which the Supreme Court held that Indiana's voter-ID stat-

ute is valid notwithstanding the same sort of critiques the district court leveled against Wisconsin's. In *Crawford* the lead opinion concluded: "For most voters who need them, the inconvenience of making a trip to the [department of motor vehicles], gathering the required documents, and posing for a photograph surely does not qualify as a substantial burden on the right to vote, or even represent a significant increase over the usual burdens of voting." 553 U.S. at 198. The Court added that an across-the-board injunction would be improper because "[t]he application of the statute to the vast majority of Indiana voters is amply justified" (*id*. at 204). That is equally true in Wisconsin, we held. It followed that the burden some voters faced could not prevent the state from applying the law generally.

The argument plaintiffs now present is different. Instead of saying that inconvenience for some voters means that no one needs photo ID, plaintiffs contend that high hurdles for some persons eligible to vote entitle those particular persons to relief. Plaintiffs' approach is potentially sound if even a single person eligible to vote is unable to get acceptable photo ID with reasonable effort. The right to vote is personal and is not defeated by the fact that 99% of other people can secure the necessary credentials easily. Plaintiffs now accept the propriety of requiring photo ID from persons who already have or can get it with reasonable effort, while endeavoring to protect the voting rights of those who encounter high hurdles. This is compatible with our opinion and mandate, just as it is compatible with *Crawford*.

Indeed, one may understand plaintiffs as seeking for Wisconsin the sort of safety net that Indiana has had from the outset. A person seeking to vote in Indiana who con-

tends that despite effort he has been unable to obtain a complying photo ID for financial or religious reasons may file an affidavit to that effect and have his vote provisionally counted. See 553 U.S. at 186 & n.2, 199. No one contended in this court in 2014 that such an accommodation was essential to the validity of Indiana's law, and neither our opinion nor the Supreme Court's decision in *Crawford* forecloses such an argument. Wisconsin's rules for casting provisional ballots, unlike those of Indiana, require a voter who does not present an acceptable photo ID at the polling place to present such an ID by the end of the week. Wis. Stat. §6.97. Under Wisconsin's current law, people who do not have qualifying photo ID thus cannot vote, even if it is impossible for them to get such an ID. Plaintiffs want relief from that prohibition, not from the general application of Act 23 to the millions of persons who have or readily can get qualifying photo ID.

Wisconsin contends that, although our decision did not consider (let alone reject) any contention for relief on behalf of persons who just can't get acceptable photo ID with reasonable effort, plaintiffs forfeited their arguments by not advancing them as alternative grounds for affirming the district court's injunction. The Supreme Court has held that an appellee may defend its judgment with any properly preserved argument, even if the district court bypassed or rejected that argument. See, e.g., *Massachusetts Mutual Life Insurance Co. v. Ludwig*, 426 U.S. 479 (1976). That's what plaintiffs had to do, Wisconsin insists.

There are two problems with the state's position, one factual and the other legal. The factual problem is that the sort of argument plaintiffs now present would not have justified affirmance: recall that the injunction forbade the state to re-

quire *any* voter to present photo ID. The predicament of people who cannot get acceptable photo ID with reasonable effort would not have supported the sweeping injunction the district court entered. The legal problem is that the ability to make an alternative argument in defense of the district court's judgment is a privilege, not an obligation. *Transamerica Insurance Co. v. South*, 125 F.3d 392, 399 (7th Cir. 1997); *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996). "[F]orcing appellees to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of appeals more than it would streamline the progress of the litigation." *Okoro v. Callaghan*, 324 F.3d 488, 489–90 (7th Cir. 2003), quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740 (D.C. Cir. 1995). A theory left open in both the district court and the court of appeals remains open in the district court.

Wisconsin also maintains that plaintiffs forfeited their current argument by not pleading it as a separate count in their complaint. The district judge did not reject plaintiffs' claim for that reason, however, and would not have been justified in doing so. Defendants suppose that complaints must contain as many counts as plaintiffs have legal theories—one count per theory. Some plaintiffs structure their complaints that way, but Fed. R. Civ. P. 8 does not require them to do so. Complaints are supposed to be "short and plain", in the language of Rule 8(a)(2). A complaint must narrate a plausible grievance; it need not set out a legal theory or cite authority. See, e.g., *Johnson v. Shelby*, 135 S. Ct. 346 (2014); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). Nor need plaintiffs put each kind of relief in a separate count. Although Rule 8(a)(3) says that a complaint must include "a demand for the relief sought, which may

include relief in the alternative or different types of relief" (which can be done in a single count), Rule 54(c) adds that the district court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." If plaintiffs are entitled to relief for those of their number who cannot obtain qualifying photo ID with reasonable effort, nothing in the way they structured their complaint poses an obstacle.

Because the district court did not address the substance of plaintiffs' argument, we do not do so either. After the record closed in the district court, the Supreme Court of Wisconsin instructed state officials not to condition issuance of voting identification on any person's failure to obtain documents for which a governmental agency requires a fee. See *Milwaukee Branch of NAACP v. Walker*, 2014 WI 98 ¶¶ 66–71, 79. The state's administrative agencies may have made other adjustments since the end of discovery. The district court should permit the parties to explore how the state's system works today before taking up plaintiffs' remaining substantive contentions.

The portions of the district court's decision that have not been appealed stand. The portion that concerns veterans' ID is vacated, and the case is remanded with instructions to dismiss that aspect of the litigation as moot. The remainder of the decision is vacated, and the case is remanded for proceedings consistent with this opinion.