In the

# United States Court of Appeals
## For the Seventh Circuit
_____

Nos. 16-3003 & 16-3052

RUTHELLE FRANK, *et al.*,

*Plaintiffs-Appellees, Cross-Appellants*,

*v.*

SCOTT WALKER, in his official capacity as
Governor of the State of Wisconsin, *et al.*,

*Defendants-Appellants, Cross-Appellees.*

_____

Nos. 16-3083 & 16-3091

ONE WISCONSIN INSTITUTE, INC., *et al.*,

*Plaintiffs-Appellees, Cross-Appellants*,

*v.*

MARK L. THOMSEN, *et al.*,

*Defendants-Appellants, Cross-Appellees.*

_____

On Petitions for Initial Hearing En Banc
_____

AUGUST 26, 2016
_____

Before WOOD, *Chief Judge*, and POSNER, FLAUM, EASTERBROOK, KANNE, ROVNER, SYKES, and HAMILTON, *Circuit Judges*.[*]

PER CURIAM. Before us are two sets of appeals and cross-appeals, each of which concerns Wisconsin's law requiring voters to have qualifying photo identification. In each matter, one originating in the Eastern District of Wisconsin and the other in the Western District of Wisconsin, the plaintiffs have petitioned for initial review en banc. We have consolidated their petitions for the purposes of this order. The plaintiffs argue that only initial en banc treatment will permit a decision in time for the court's conclusions to be put into effect for the election upcoming in November 2016. It is questionable whether action on that schedule is feasible, given that Wisconsin will start printing absentee ballots at the end of this month. We will assume for the sake of argument, however, that this obstacle alone is not enough to deny the petitions.

There is a more important concern, however, which has to do with the regularity of the judicial process. Whether this court should try to resolve the parties' disputes on such a short schedule depends in part on whether qualified electors will be unable to vote under Wisconsin's current procedures. In evaluating that question, we must take account of the conclusions reached by the district court in the Western District of Wisconsin in *One Wisconsin Institute, Inc. v. Thomsen*, No. 15-CV-324-JDP, 2016 U.S. Dist. LEXIS 100178 (W.D. Wis. July 29, 2016). The Eastern District of Wisconsin, in the decision under review in Nos. 16-3003 and 16-3052, concluded that

---

[*] Circuit Judge Williams took no part in the consideration or decision on these petitions.

every registered voter should be allowed to vote if he or she signs an affidavit stating that obtaining a qualifying photo ID would be unreasonably hard. A panel of this court has stayed that order. See Order, *Frank v. Walker,* Nos. 16-3003 & 16-3052 (7th Cir. Aug. 10, 2016). The Western District, by contrast, declined to adopt the affidavit procedure but required Wisconsin to reform its ID Petition Process (IDPP), revised in May in response to this court's decision in *Frank v. Walker*, 819 F.3d 384 (7th Cir. 2016) (*Frank II*).

*Frank II* held that "[t]he right to vote is personal and is not defeated by the fact that 99% of other people can secure the necessary credentials easily", and that the state may not frustrate this right for any eligible person by making it unreasonably difficult to obtain a qualifying photo ID. *Id.* at 386. The district court in *One Wisconsin Institute* concluded from this that an eligible voter who submits materials sufficient to initiate the IDPP is entitled to a credential valid for voting, unless readily available information shows that the petitioner is not a qualified elector. The court in *One Wisconsin Institute* also held that the state must inform the general public that those who enter the IDPP will promptly receive a credential valid for voting, unless readily available information shows that the petitioner is not a qualified elector entitled to such a credential. 2016 U.S. Dist. LEXIS 100178 at *181–82. This court denied the State's motion to stay the Western District's injunction pending appeal. See Order, *One Wis. Inst., Inc. v. Thomsen*, Nos. 16-3083 & 16-3091 (7th Cir. Aug. 22, 2016).

The State assures us that the temporary credentials required in the *One Wisconsin Institute* decision will indeed be

available to all qualified persons who seek them. In its response to the petition for initial hearing en banc in Nos. 16-3003 and 16-3052, it said this: "[T]he State has already voluntarily accommodated any concerns relating to the November 2016 election. Specifically, Wisconsin has enacted a rule that requires the Division of Motor Vehicles ('DMV') to mail *automatically* a free photo ID to anyone who comes to DMV one time and initiates the free ID process. *See* Wis. EmR1618, § 10. No one must present documents, that, for some, have proved challenging to acquire; no one must show a birth certificate, proof of citizenship, and the like. *Id*. § 6." Resp. to Pet. For Initial Hr'g En Banc at 1, *Frank v. Walker*, Nos. 16-3052 & 16-3003 (7th Cir. Aug. 8, 2016) (emphasis in original).

Given the State's representation that "initiation" of the IDPP means only that the voter must show up at a DMV with as much as he or she has, and that the State will not refuse to recognize the "initiation" of the process because a birth certificate, proof of citizenship, Social Security card, or other particular document is missing, we conclude that the urgency needed to justify an initial en banc hearing has not been shown. Our conclusion depends also on the State's compliance with the district court's second criterion, namely, that the State adequately inform the general public that those who enter the IDPP will promptly receive a credential for voting, unless it is plain that they are not qualified. The Western District has the authority to monitor compliance with its injunction, and we trust that it will do so conscientiously between now and the November 2016 election.

On these understandings, the petitions for initial hearing en banc are DENIED.