POSNER, Circuit Judge,
dissenting.
In his first trial, which was before Judge Grady, Moore, the defendant in this extended litigation— he was indicted a few months short of seven years ago — was convicted of being a felon in possession of a gun, 18 U.S.C. § 922(g)(1), and also (though not, as it turns out, properly) convicted of using or carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A). He was also *675 charged with, but not convicted of, carjacking. 18 U.S.C. § 2119. Judge Grady sentenced Moore to two successive prison terms, one for each crime of which the defendant had been convicted — felon in possession and using or carrying a firearm — with each term to run 120 months, making a total sentence of 240 months. The defendant appealed, and we reversed and remanded the using or carrying charge. United States v. Moore, 763 F.3d 900, 902 (7th Cir. 2014). By then, Judge Grady had retired, and the case was reassigned to Judge Kocoras to take charge of on the remand.
On remand the jury acquitted Moore of the using or carrying charge, and again of the carjacking charge). He had then to be resentenced on the felon in possession charge.
With the using or carrying charge out of the case, one might have expected Judge Kocoras to have resentenced the defendant to 120 months (=10 years) for being a felon in possession, and stopped there. But' the prosecutors wanted more, and for the first time argued that the defendant, having had three robbery convictions before his conviction for being a felon in possession, was subject to a minimum sentence of 15 years on the felon in possession charge. 18 U.S.C. § 924(e)(1). The judge’s response was to sentence the defendant, on the felon in possession count (the only remaining count, remember), to 240 months in prison — 20 years, rather than the 15-year minimum (the statutory maximum is life).
I find that unacceptable. Judge Grady had thought that 120 months of prison for being a felon in possession was the proper sentence for this defendant. The government had not expressed disagreement. In the trial before Judge Grady it had not brought up the robberies as a reason that Moore could or should be sentenced to more than 120 months on the felon in possession charge. A further problem with the government’s reliance on the robberies to push up the defendant’s sentence was that he’d been punished for those robberies — on what principle was he to be repunished for them? A defendant’s criminal history can of course be a relevant consideration at sentencing, but if these robbery convictions were really so important a factor in deciding on a proper sentence for this defendant, why hadn’t the government noticed them before?
If one assumes (as I do not) that the 15-year statutory minimum sentence for felon in possession is applicable despite the government’s belated invocation of it, that equates to 180 months, yet Judge Kocoras did not, so far as appears from the record, consider the alternative of a 180-month sentence. I also incline to the view that the government’s failure to notice, until the last remand of this protracted litigation, that the defendant could be sentenced to 20 years in prison (or indeed to life in prison) because of his robberies, on the felon in poksession charge alone, precluded the imposition of any sentence in excess of the 120-month term that Judge Grady had imposed without objection by the government. In the first appeal we affirmed the defendant’s conviction for being a felon in possession without ruling on the sentence the judge had imposed, United States v. Moore, supra, 763 F.3d at 914, and I would expect our affirmance to bind a district judge in subsequent proceedings. Moore’s briefs argue persuasively, with case support — see, e.g., United States v. Adams, 746 F.3d 734, 744 (7th Cir. 2014); United States v. Barnes, 660 F.3d 1000, 1006 (7th Cir. 2011) (citing United States v. Avila, 634 F.3d 958, 961 (7th Cir. 2011)) — that the scope of a remand is determined by the language in the appellate' opinion ordering the remand; the language in our *676 opinion did not envisage a doubling of the sentence based on the defendant’s earlier felonies.
Although I am a friend and admirer of Judge Kocoras, I fear that in this case, being a latecomer to it and failing as it seems to appreciate the significance of our having affirmed the defendant’s conviction for being a felon in possession, Judge Ko-coras erred. I would reverse the defendant’s sentence with directions to sentence him to 120 months, period.
I don’t wish to minimize the gravity of the three robberies that the judge used to double the defendant’s sentence, but neither should their gravity be exaggerated. Although two of the robberies involved assaults, the defendant received no prison time at all for the first robbery (though it included one of the assaults), committed when he was 20 (although he later received a three-year sentence for violating the term of probation that he had been given in lieu of prison), and he served only three years in prison (of an eight-year sentence, before being paroled) for the second robbery, committed when he was 21, and also three years (of a seven-year sentence, before being paroled) for the third, committed when he was 24. Evidently the state courts did not consider the crimes serious enough to warrant long prison terms. He’s now a few months short of 35. A 20-year sentence for a robber of that age is excessive, as such crimes are rarely committed by persons in their fifties. I find no recognition of this point either in the district judge’s opinion or in my court’s majority opinion. A 20-year sentence ought not lightly to be imposed, even on a robber.
Needless to say, there is no recognition in either the district court’s sentencing statement or my colleagues’ majority opinion of the need to curtail imprisonment of violent offenders, a need stressed in an excellent recent article by Fordham Law Professor John Pfaff, “A Better Approach to Violent Crime: If We’re Going to End Mass Incarceration in the U.S., It Will Mean Figuring Out Better Ways to Prevent Violent Crimes and to Deal with Those Who Commit Them,” Wall Street Journal, Jan. 27, 2017, www.wsj.com/ articles/a-better-approach-to-violent-crime-1485536313, an article amplified in a recently published book by him entitled Locked In: The True Causes of Mass Incarceration and How to Achieve Real Reform (2017), and summarized by David Scharfenberg in a recent article — “Why We Should Free Violent Criminals,” Boston Globe, Feb. 5, 2017, www.bostonglobe. com/ideas/2017/02/05/why-should-free-violent-criminals/HK8zo50MtsMjhhQuXy SuDM/story.html.
As Pfaff explains in his Wall Street Journal article, one of his concerns is the high discount rates of typical violent offenders, though he doesn’t use the phrase “high discount rates” but instead says that “those contemplating crime often don’t know how long sentences are, or even that sentences have gotten longer. More important, those who are most likely to engage in violence and antisocial behavior tend to be very present-minded. They don’t think a lot about tomorrow. What really deters them, if anything does, is the risk of getting caught in the first place: policing and arrests, not prison sentences.”
Many violent offenders, moreover, age out of crime, often as early as their mid- to late-twenties — “by the time a person in his 30s has generated a long criminal history suggesting that he poses a continuing risk, he is likely to have started ‘aging out’ of crime, violent behavior in particular.... A long prison sentence also undermines someone’s ability to find the stabilizing influence of a job or a spouse, thus increasing the long-run risk that he will reoffend.” Among other alternatives to prison for *677 dealing with violent criminals, Pfaff mentions “hot-spot policing,” which “identifies ... high-crime blocks and significantly increases patrols and community involvement there [and] has produced significant results.”
Maybe we judges could learn something from these experts.