[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10569

Non-Argument Calendar

_____

HAYWOOD JACKSON MIZELL,

Plaintiff-Appellant,

*versus*

THE CITY OF OZARK,
Municipality,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:21-cv-00110-ECM-JTA

————————————

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Haywood Mizell appeals from the District Court's grant of a motion to dismiss his complaint alleging due process violations by the City of Ozark ("the City"). The District Court granted the City's motion to dismiss Mizell's claim for equitable relief based on lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[1] The District Court dismissed Mizell's claim for monetary relief with prejudice as being barred by the statute of limitations. Because Mizell does not address either ground for the District Court's dismissal in his brief, but instead reasserts his due process claim, we affirm the District Court's grant of the City's motion to dismiss Mizell's claim for monetary relief. However, the District Court erred in holding that the *Rooker-Feldman* doctrine applied to Mizell's equitable claim. We vacate the District Court's order in that respect.

## I.

In February 2021, Haywood Mizell, *pro se*, filed suit against the City, alleging that the City seized his property at 285 Broad Street in Ozark, Alabama—the historic "Holman House"—for

—————————————

[1] The *Rooker-Feldman* doctrine is named for two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

public use without just compensation, in violation of his due process rights. The bulk of Mizell's complaint focuses on allegedly fraudulent conduct by Wells Fargo, the mortgage holder, and a wrongful foreclosure action Wells Fargo initiated against Mizell in 2013. The City purchased the property at the subsequent (and allegedly fraudulent) 2013 foreclosure sale. Mizell requested just compensation for what he claims was the illegal seizure of his property by the City.

The City filed a motion to dismiss Mizell's claims under Rules 12(b)(1) and 12(b)(6). The motion to dismiss argued (1) the District Court lacked subject matter jurisdiction to hear Mizell's claims under the *Rooker-Feldman* doctrine; (2) that Mizell's claims were barred by Alabama's statute of limitations; (3) that Mizell's claims were barred under the doctrines of *res judicata* and collateral estoppel; and (4) that Mizell failed to state a claim for which relief could be granted.

The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636. The magistrate judge's report and recommendation ("R&R") recommended that the District Court grant the City's motion to dismiss and dismiss Mizell's complaint without prejudice. The R&R stated that Mizell's claim for equitable relief was barred by the *Rooker-Feldman* doctrine because Mizell's injury was caused by and inextricably intertwined with state court rulings—namely the state proceedings that twice upheld the validity of the foreclosure deed against Mizell. As such the District Court lacked subject matter jurisdiction. The R&R also stated that

Mizell's claim for monetary relief was barred by Alabama's two-year statute of limitations.  The R&R did not reach the City's other arguments.

Both parties objected.  Mizell objected to the magistrate judge's recommendation to dismiss his claims; the City objected to the magistrate judge's recommendation to dismiss Mizell's claims for monetary relief without prejudice.

The District Court determined that two of Mizell's objections to the R&R merited *de novo* review: Mizell's objection to dismissal of his equitable claim under *Rooker-Feldman* and his objection to dismissal of his claim for monetary damages.

With respect to the former, the District Court held that "it is clear that [Mizell] seeks injunctive and declaratory relief from a 2013 foreclosure proceeding in state court that resulted in the Defendant purchasing the property at issue." *Mizell v. City of Ozark*, 2022 WL 463107, at *1 (M.D. Ala., Feb. 15, 2022).  The District Court found *Rooker-Feldman* applicable to Mizell's equitable claim because Mizell's injury was caused by the underlying state court proceeding that permitted the City to purchase Mizell's foreclosed property and that Mizell sought to have the District Court reverse that state court decision. *Id.* at *2.  As such, the Court did not have subject matter jurisdiction.

Regarding the latter objection, the District Court agreed with the R&R that Mizell's claim for monetary damages was barred by Alabama's two-year statute of limitations. *Id.*  According to the

Court, that statute of limitations began to run on February 19, 2013, when the City purchased the foreclosed property, because that is when Mizell knew that he had been injured. *Id.* The District Court differed from the R&R, however, in one respect: the District Court opinion sustained the City's objection to dismissing Mizell's claim for monetary relief without prejudice because the statute of limitations had run. *Id.* The Court thus adopted the R&R but modified it to dismiss Mizell's claim for monetary damages with prejudice. *Id.* Mizell timely appealed.

## II.

Generally, we would review both Mizell's equitable and monetary claims *de novo*, viewing the facts in a light most favorable to the plaintiff. *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (1998) (reviewing a motion to dismiss for lack of subject matter jurisdiction *de novo*); *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021) (reviewing a motion to dismiss for failure to state a claim *de novo*). However, a legal claim or argument that has not been briefed is deemed abandoned and its merits will not be addressed. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

An issue is also considered abandoned when "a party seeking to raise a claim or issue on appeal [fails] to plainly and prominently so indicate." *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003). An appellant abandons a claim when: (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only

in the "statement of the case" or "summary of the argument," (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments, or (e) he raises it for the first time in his reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-683 (11th Cir. 2014).

Mizell proceeded *pro se* in this appeal. While we read briefs filed by *pro se* litigants like Mizell liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned, just as if Mizell had had counsel. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Neither do we address arguments raised for the first time in a *pro se* litigant's reply brief. *Id.*

Here, Mizell abandons any argument he had that the District Court erred in dismissing his claims for equitable and monetary relief. The District Court based its dismissal of Mizell's equitable claim on the *Rooker-Feldman* doctrine and its dismissal of his monetary claim on the statute of limitations. Mizell did not substantively address either ground for dismissal in his principal brief. Rather than responding to the actions of the District Court, the bulk of Mizell's argument was focused on claims of fraudulent and deceitful conduct by Wells Fargo and City of Ozark officials. While Mizell arguably does address the *Rooker-Feldman* doctrine in his reply brief, we do not address arguments raised for the first time in a reply brief. Mizell has, therefore, abandoned any argument that the District Court erred in its dismissal of his claims.

III.

In its brief, the City encourages this Court to examine the District Court's reliance on the *Rooker-Feldman* doctrine in dismissing Mizell's equitable claim. We review *de novo* a district court's determination that it lacks subject matter jurisdiction over a plaintiff's claim in light of the *Rooker-Feldman* doctrine. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001).

The City acknowledges that it based much of its motion to dismiss Mizell's equitable claim on the theory that the District Court lacked subject matter jurisdiction under *Rooker-Feldman*. According to the City, however, that motion was filed before this Court decided *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021). In light of *Behr*, the City no longer believes *Rooker-Feldman* applies and instead requests that this Court vacate the District Court's "without prejudice" dismissal of Mizell's equitable claim based on *Rooker-Feldman* and remand the action to the District Court with instructions to dismiss the entire action with prejudice based on the statute of limitations. Appellee's Br. at 15-16.

Under the *Rooker-Feldman* doctrine, federal district courts cannot review or reject state court judgments rendered before the district court litigation began. *Id.* at 1210. The scope of the doctrine is narrow, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).

*Rooker-Feldman* "does not prioritize form over substance," meaning it bars all appeals of state court judgments in district courts whether the plaintiff admits to filing a direct appeal or tries to call the appeal something else. *Behr*, 8 F.4th at 1211 (citing *May v. Morgan Cnty.*, 878 F.3d 1001, 1005 (11th Cir. 2017)). The injury to the plaintiff must be caused by the judgment itself. *Id.* at 1211. The question is not whether the whole complaint seems to challenge a previous state court judgment, but whether the resolution of each individual claim requires review and rejection of a state court judgment. *Id.* at 1213. In *Behr*, we warned that "district courts should keep one thing in mind when *Rooker-Feldman* is raised: it will almost never apply." *Id.* at 1212.

Here, Mizell's injury was not caused by the two Alabama state judgments that upheld the foreclosure, but by the 2013 foreclosure itself. Further, Mizell did not invite the District Court to review and reject either of those judgments in his due process claim. Instead, he requested compensation for what he deemed to be a taking in violation of his due process rights. Therefore, the District Court had jurisdiction over Mizell's equitable claim and erred in applying *Rooker-Feldman*.

The City requests that this Court vacate the District Court's "without prejudice" dismissal of Mizell's equitable claim based on *Rooker-Feldman* and remand the action to the District Court with instructions to dismiss the entire action with prejudice based on the

22-10569               Opinion of the Court               9

statute of limitations.  The City correctly notes that an "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it."  Appellee's Br. at 15 (quoting *Mass. Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 481, 96 S. Ct. 2158, 2159 (1976)).  However, "an appellee who does not cross-appeal may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary."  *Lopez v. U.S. Atty. Gen.*, 914 F.3d 1292, 1299 (11th Cir. 2019) (quoting *Jennings v. Stephens*, 574 U.S. 271, 275, 135 S. Ct. 793, 798 (2015)).  The City does just that.

Under the District Court's order, Mizell's equitable claim was dismissed *without* prejudice.  In other words, Mizell was free to refile his equitable claim.  The City argues that this Court should vacate that order and instruct the District Court to convert its dismissal without prejudice into a dismissal with prejudice, meaning that Mizell would no longer be able to refile his claim.  We cannot grant the City's request because to do so would lessen Mizell's rights and enlarge the City's without a cross-appeal.

However, the District Court did err in determining that it did not have jurisdiction to hear Mizell's equitable claim under the *Rooker-Feldman* doctrine.  The District Court does have jurisdiction to hear that claim.  As such, we vacate the District Court's order in that respect.

IV.

The District Court order is **AFFIRMED** insofar as it dismisses Mizell's claim for money damages as barred by the statute of limitations and dismisses that claim with prejudice. The District Court's order is **VACATED** with respect to its dismissal of Mizell's claims for equitable relief for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and the matter is **REMANDED** to the District Court for proceedings not inconsistent with this opinion.